BUILDING INSPECTOR OF WAYLAND *vs.* THE ELLEN M. GIFFORD SHELTERING HOME CORPORATION & others.

Middlesex.   February 6, 1962. — May 8, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Building Laws.   Permit.   Estoppel.   Equity Pleading and Practice,* Findings by judge, Appeal.   *Evidence,* Judicial notice.

This court does not take judicial notice of a municipal building code or the regulations of a board of health.   [285]

In a suit in equity in which the evidence was not reported and the judge made voluntary findings of fact not purporting to be all the facts upon which the final decree was based, the entry of the decree imported a finding of every fact essential to sustain it and within the scope of the pleadings.   [285]

A municipal building code providing that upon application for a building permit the building inspector "must be shown" a sewage disposal permit from the board of health required approval by the board of means of sewage disposal prior to issuance of a permit to erect any building from which sewage would issue.   [285–286]

A permit issued by the building inspector of a town to build a sheltering home for cats was properly revoked where the submitted plans for the building showed floor drains and a sink requiring means of sewage disposal but showed no such means, and no sewage disposal permit had been issued by the board of health prior to issuance of the building permit as required by the town's building code.   [284, 286]

A municipal building inspector suing in the interest of his municipality was not estopped to maintain a suit to restrain erection of a building under a building permit which he had issued but subsequently had properly revoked as illegally issued.   [286]

BILL IN EQUITY, filed in the Superior Court on January 13, 1961.

The suit was heard by *Vallely*, J.

*Roland Gray, Jr., (Eugene L. Tougas* with him,) for the defendants.

*William J. McCluskey, (Frank W. Kilburn, Jr.,* Town Counsel, with him,) for the plaintiff.

WHITTEMORE, J.   This is a bill by the building inspector of the town of Wayland (the inspector) against The Ellen M. Gifford Sheltering Home Corporation (Gifford) a charitable corporation, Chatham Construction Co., Inc. (Chatham), and Robert A. Peters, an employee of Chatham, to restrain the erection of a building to be used as a sheltering home for cats under a revoked building permit issued November 16, 1960.   The defendants have appealed from the final decree which adjudged that the issuance of the permit was illegal and void and ordered that the defendants cease work pending the acquisition of a legal building permit. The defendants have not argued their appeal from the interlocutory decree which overruled their demurrer.   The defendant Peters filed a plea setting up estoppel, but no action was had under the plea.   The evidence is not reported. The judge made voluntary findings of fact and rulings of law.

The findings refer to several exhibits which are annexed to the pleadings and reproduced in the record.   The findings refer to other exhibits but do not purport to incorporate them by reference and they are not before us.

These facts are found: Peters, seeking a building permit for Gifford, and having been referred to the board of health for a sewage disposal permit, showed the plans to the health agent and in answer to questions said that from fifty to one hundred cats would be housed and that no toilets were to be installed.   The plans showed a sink and drains.   The health agent "made a determination that no sewage disposal system was required" and furnished a "clearance," that is, a writing to the inspector to ". . . give Mr. Peters his building permit if it is ok by you. . . ."   The health

344 Mass. 281                                                     283

Bldg. Inspector of Wayland *v.* Ellen M. Gifford Sheltering Home Corp.

agent testified that it was his duty to give such a clearance "when there were no toilet facilities or any for sewage." On November 16, 1960 (on or about which date Gifford took title to the land), Peters made out an application on the form supplied, submitted a sketch and plans and paid the fee, and the inspector issued a permit "to build a sheltering home for cats."

Subsequently the "inspector learned that an appeal from the issuance of the permit had been made to the zoning board of appeals, and by letter dated December 5, 1960, . . . notified Gifford and told Gifford to stop construction pending a decision . . .." On December 13, 1960, the inspector wrote another letter authorizing grading work "around the concrete wall poured . . .; advising that there was 'contemplated an article in the warrant for the next special town meeting to take this property for park purposes as well as an article to change our zoning by-laws in regards to charitable organizations' "; referring again to the appeal; and advising that further construction was at the owner's peril.

The board of health and the selectmen held a joint meeting on January 2, 1961, and on January 3, 1961, the chairman of the board of health wrote to the building inspector that review of the plans showed that there were floor drains and a sink but no plans for sewage disposal; that the "release from the board . . . dated November 15, 1960, . . . was given in the mistaken belief that no sanitary facilities were planned or needed in the proposed structure"; that the "release . . . [was] withdrawn"; that the board required submission of a plan for sewage disposal; and that, if an application for approval was filed and the board approved, "a permit . . . [would] be issued."

On January 4, 1961, the inspector wrote Gifford that the permit was revoked and annulled because improvidently granted as no sewage disposal permit had previously been granted as required by the building code of the town. On January 9, 1961, the inspector wrote Gifford that the permit was revoked and annulled as "illegally issued."

284                                        344 Mass. 281

Bldg. Inspector of Wayland *v.* Ellen M. Gifford Sheltering Home Corp.

The judge found that the plans shown the health agent indicated drains and a sink "which would require a sewage system," and none was shown in the plans. He also found "that under the existing regulations, a permit from the board of health was required." He found further that the waiver of permit was given as a result of negligence, that Peters and the inspector relied on the waiver, and that, since the plans showed the drains and sink and since the inspector was familiar with the requirements "as to permits from the health department in such cases," he was negligent in issuing the building permit without first requiring a health department permit provided for by § 4, subsection (d), of the town's building code.

The building code, c. I, § 4 (b), requires that applications be in writing on forms furnished by the inspector, describe the work to be done, "state the purpose for which the building is to be used," and "be signed by the owner or his authorized agent."

The bill alleges and the answer admits that c. I, § 4 (d), provides that "[u]pon application for a building permit, the building inspector must be shown a sewerage disposal permit from the board of health . . . ."

The judge found that the application was not made in accordance with the requirements of c. I, § 4 (b), although it was made on a form furnished by the inspector; the form did not contain a place or line for stating the purpose for which the building was to be used, nor indicate that it was to be signed by the owner or agent, nor contain a line for such signature. The application was made out in the usual and customary manner on a form in use for a number of years.

The judge ruled that in the absence of a permit from the health department the permit to build was illegal and was properly revoked.

The bill of complaint, by amendment, alleged that the building code of the town, c. I, § 4 (a), requires that "[w]hoever desires . . . to construct . . . a building or other structure, or to install pipes . . . or equipment for

344 Mass. 281                                                     285

Bldg. Inspector of Wayland *v.* Ellen M. Gifford Sheltering Home Corp.

plumbing, . . . shall first apply for and obtain a permit. . . . Any building or other structure which is constructed . . . or . . . equipment installed without such permit or in violation of any provision of this code, the inspector may order the removal of. The inspector may enforce the provisions hereof by appropriate proceedings." There was no denial of this allegation and Rule 25 of the Superior Court (1954) provides that, "unless a new answer . . . shall be filed within ten days, an answer . . . filed before the amendment shall have the same effect as though filed after the amendment." The answer admitted that other provisions of the code were as set out in the original bill.

The bill and answer established that when the permit was revoked in January the construction had proceeded at least "to the point where the foundation had been built."

The determinative findings and rulings are that, "under the existing regulations, a permit from the board of health was required," and "in the absence of . . . [such a permit] the permit to build . . . was illegal."

Neither the full building code nor the full regulations of the board of health are before us and we do not take judicial notice thereof. *Old Colony Trust Co.* v. *Merchant Enterprises, Inc.* 332 Mass. 484, 488. The judge's findings do not expressly or by reasonable implication show that the facts stated by him are all the facts which entered into his decree. Certainly, in respect of the exhibits mentioned in the findings, there was underlying material which is not before us. The rule applies that the "entry of the decree imported a finding of every fact essential to sustain it and within the scope of the pleadings." *Birnbaum* v. *Pamoukis,* 301 Mass. 559, 561.

The judge's ruling of illegality and his order for decree reflect requirements that no building from which sewage would issue could lawfully be built without means for disposal thereof approved by the board of health.[1] See *Holden*

---

[1] We must disregard the defendants' reference to "Ex. 2" as showing that the health regulations require a sewerage permit prior to a building permit only where the building is to be a dwelling house. We may not speculate as to the entire contents of the regulations or the context of parts thereof or their effect on the provisions of the building code.

286                                    344 Mass. 281

Bldg. Inspector of Wayland v. Ellen M. Gifford Sheltering Home Corp.

v. *Holden Suburban Supply Co. Inc.* 343 Mass. 187, 191. This is the reasonable implication of the requirement of the building code that a sewerage disposal permit "must be shown" upon application for a building permit.

There is no finding that it was within the power of the health agent or of the inspector to waive the requirement of a sewerage permit. There is no finding or basis for a finding that the board of health had purported to act to issue a waiver or itself had the power to do so. *Building Commr. of Brookline v. McManus,* 263 Mass. 270, 274.

We need not consider what would have been the legal effect on the permit of November 16, 1960, of prompt approval of a sewage disposal plan following the letter of January 3, 1961, requiring submission of such a plan.[2]

The illegally issued permit was subject to revocation. *Wood v. Building Commr. of Boston,* 256 Mass. 238, 242. *Inspector of Bldgs. of Burlington v. Murphy,* 320 Mass. 207, 210. *Seekonk v. Anthony,* 339 Mass. 49, 55. *Cheney v. Coughlin,* 201 Mass. 204, 209. Compare *Lowell v. Archambault,* 189 Mass. 70, 72; *General Baking Co. v. Street Commrs. of Boston,* 242 Mass. 194, 196–197; *McPherson v. Street Commrs. of Boston,* 251 Mass. 34, 37–38.

It is implicit in the express findings that the application was not signed and did not describe the work to be done. We need not determine the effect of these deficiencies.

The inspector sues in the interest of the town and it is not estopped. *Elbe File & Binder Co. Inc. v. Fall River,* 329 Mass. 682, 686. It may be noted in this connection that Gifford was proposing a building from which a very considerable amount of animal excrement would issue and its plans did not provide for the disposal thereof. The requirements of the town's regulations were within Gifford's constructive notice.

In suing as "Building Inspector of the Town of Wayland" the inspector sufficiently manifested the town's in-

[2] The pleadings and statements in argument suggest that at some subsequent date there has been an amendment of the zoning by-law. General Laws c. 40A, § 11, however, affords protection to prior permits.

terest as plaintiff. No point is made of this and we think no amendment formally to join the town is necessary. Compare *Board of Health of Woburn* v. *Sousa,* 338 Mass. 547, 548. See *Natick* v. *Massachusetts Dept. of Pub. Welfare,* 341 Mass. 618, 619.

The interlocutory decree overruling the demurrer and the final decree are affirmed.

*So ordered.*