*Exceptions overruled.*

*David L. Winer*, for the petitioner, submitted a brief.
*Philip L. Sisk* for the respondent.

COMMONWEALTH *vs.* CHARLES A. JONES. March 29, 1968. These indictments allege (a) offences on June 5, 1965, by Jones against, or in the presence of, one girl (A), and (b) offences on various dates in 1965 against another girl (B). Each girl was alleged and shown to be under the age of fourteen. A jury found him guilty on all indictments. The cases have been appealed under G. L. c. 278, §§ 33A–33G, as amended. The assignments of error argued all relate to the admission or exclusion of evidence. There is no occasion to review the sordid unpleasant testimony. The judge has not been shown to have prejudiced Jones or unreasonably to have limited the somewhat diffuse cross-examination (see *Commonwealth* v. *Greenberg*, 339 Mass. 557, 580–581) of certain witnesses with respect to (a) a visit by A to a hospital for mental tests, which (if in fact given and relevant) should have been established more directly; (b) matters of slight relevance (see *Commonwealth* v. *Farrell*, 322 Mass. 606, 621) about Jones's state of intoxication on June 5, 1965 (see *Commonwealth* v. *D'Agostino*, 344 Mass. 276, 278); (c) a statement by Jones, susceptible of interpretation as an admission (where the judge gave immediate opportunity to the witness to relate the complete alleged statement); or (d) the asserted absence of evidence of fresh complaint by A (see *Commonwealth* v. *Spare*, 353 Mass. 263, 264–266) where the judge at once suggested an appropriate method of affording the witness full opportunity to testify on this subject more generally. A question concerning A's knowledge of conduct by Jones and B was admissible in redirect examination as bearing upon her own knowledge of and in explanation of, a matter brought out on cross-examination. See the *D'Agostino* case, 344 Mass. 276, 280. Other exceptions to limiting inquiry concerning ambiguous alleged comments by A's grandmother and to the exclusion of cumulative testimony, argumentative or conclusionary questions, and questions bearing upon the credibility or capacity of witnesses, relate to matters on which the trial judge ruled in a manner within the range of his discretion.

*Judgments affirmed.*

*Kevin M. Keating* for the defendant.
*Anthony N. Compagnone*, Assistant District Attorney, for the Commonwealth.

CATHERINE L. GOOD *vs.* SCHOOL COMMITTEE OF CAMBRIDGE & others. March 29, 1968. The petitioner was one of two applicants for appointment as Headmaster's Assistant — Head of Home Economics Department at the Cambridge High and Latin School. She appeals from an order dismissing her petition for a writ of certiorari to quash a vote of the respondent school committee approving the qualifications of the other applicant and appointing the latter to the position. The petitioner argues that the eligibility of the other applicant "was decided by . . . [the respondents] on a gross misinterpretation or total disregard of the pertinent rules of the School Committee" and that "[i]n interpreting the rules of the School Committee, the members . . . acted in a quasi-judicial capacity." Certiorari will not lie to review administrative actions, but only "to revise the proceedings of tribunals or officers acting in a judicial capacity." *Attorney Gen.* v. *Northampton*, 143 Mass. 589, 590. *O'Donnell* v. *Board of Appeals of Billerica*, 349 Mass. 324, 327.

We are of opinion that the appointment in question was an administrative and not a quasi-judicial act of the respondents. See *Clark* v. *City Council of Waltham*, 328 Mass. 40; *Kelley* v. *School Comm. of Watertown*, 330 Mass. 150. The rule which the petitioner alleges was misapplied provides that "[c]andidates for the position of Head of Department in the high schools . . . must have had at least seven (7) years' experience in the department for which they are applicants . . . ." Even if a review of these proceedings were open on certiorari, we perceive no merit in the petitioner's argument that the word "department" as used in the rule limits the appointment to an applicant who had at least seven years' experience in the Cambridge High and Latin School. It appears clear to us that the word "department" is used in the generic sense.

*Order affirmed.*

*Daniel A. Lynch* for the petitioner.
*Roy A. Hammer* for the School Committee of Cambridge & another.