HAROLD L. LOTTO vs. COMMONWEALTH.

Suffolk. November 6, 1975. — March 1, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Constitutional Law*, Due process of law.

Procedural due process requirements were not applicable to revocation of a boat concession permit issued to the plaintiff pursuant to an agreement with the Department of Natural Resources where the department had expressly reserved the right to terminate the agreement for "any reason . . . in the best interests of the Commonwealth" and where the revocation did not constitute a charge of immorality, dishonesty, or other disgraceful conduct and did not interfere with the plaintiff's freedom to engage in a lawful occupation. [777-780]

Any procedural due process rights which the plaintiff may have had respecting revocation of a boat concession permit by the Department of Natural Resources were satisfied where it appeared that before revocation the plaintiff received copies of complaints against him and notice of the decision to terminate with the reasons therefor and that upon his request he was granted an informal hearing with representatives of the department. [780-781]

PETITION filed in the Superior Court on January 8, 1972.

The case was heard by *Mason, J.*, on an auditor's report.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*John D. O'Reilly, III (Henry A. Letoile* with him) for the plaintiff.

*Richard E. Rafferty*, Assistant Attorney General, for the Commonwealth.

REARDON, J.   In this case the plaintiff has appealed
from a judgment of dismissal of his claim for damages
against the Commonwealth.   In June, 1969, he entered
into a permit agreement with the defendant through the
Department of Natural Resources, Division of Forests and
Parks (department), for the operation of a boat conces-
sion at Cochituate State Park.   He was issued a permit to
operate the concession from June 7, 1969, to Decem-
ber 31, 1971, at a cost to him of $1,600 a year.   The
permit agreement contained the following language:
"This permit is issued subject to the right of the Director
of Forests and Parks, with the approval of the Commis-
sioner, to revoke same for any reason which, in his
opinion, is in the best interests of the Commonwealth."
The plaintiff made two annual payments for 1969 and
1970, in which years he operated the concession consist-
ing of the rental of moorings, boat rentals, the sale of
gasoline and equipment, and limited marine repairs.   In
July, 1970, the department received three letters from
different individuals complaining about various phases of
the plaintiff's operation.   In October, 1970, the depart-
ment sent copies of the letters to the plaintiff who did not
reply, thinking that the matter would be discussed at the
usual pre-season meeting with the department in the
spring of 1971.   On March 9, 1971, the department
wrote the plaintiff that his permit was cancelled and
referred to the complaints which had been received and
his failure to respond.   At the plaintiff's request there
was a meeting with the department on the matter on
March 23, 1971, at which time the plaintiff denied the
allegations contained in the letters of complaint or offered
explanations.   By letter dated April 1, 1971, the director
of the division of forests and parks notified the plaintiff
that the decision to terminate the permit was reaffirmed,
and the plaintiff thereafter did not operate the conces-
sion in 1971.

The plaintiff complains that he was entitled to the
procedural protections of the due process provisions of the

Constitutions of the Commonwealth and of the United States which were not afforded to him. A claim of procedural due process presents two distinct issues. The first is whether due process applies at all. If it is found to apply, the second is concerned with the procedures required in the circumstances of the case. The first issue involves an analysis of the nature of the interest at stake. The second goes to the weight of that interest. *Regents of State Colleges* v. *Roth,* 408 U.S. 564, 570-571 (1972). See *Goss* v. *Lopez,* 419 U.S. 565, 572-580 (1975); *Arnett* v. *Kennedy,* 416 U.S. 134, 164-171 (1974) (Powell, J., concurring); *Perry* v. *Sindermann,* 408 U.S. 593, 599-603 (1972); *Morrissey* v. *Brewer,* 408 U.S. 471, 481 (1972); *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare,* 368 Mass. 15, 23-28, cert. denied, 423 U.S. 929 (1975); Note, Specifying the Procedures Required by Due Process: Toward Limits on the Use of Interest Balancing, 88 Harv. L. Rev. 1510 (1975). See also *McCarthy* v. *Sheriff of Suffolk County,* 366 Mass. 779, 784-785 (1975); Comment, Entitlement, Enjoyment, and Due process of Law, 1974 Duke L.J. 89.

Here we must first determine whether the right asserted by the plaintiff can be properly classified as either "property" or "liberty" within the meaning of the Fourteenth Amendment. The plaintiff argues that his expectation of operating the marina to the end of the term contemplated by the agreement constituted a property interest not to be taken from him absent procedural protections secured by the due process clause. He concedes, as he must, that his claim of entitlement finds no basis in any statute[1] and must derive, if at all, from

---

[1] The statutory authority for the concession arrangement here in question is found in G. L. c. 21, § 4A: "The director, subject to the approval of the commissioner, may grant concessions for the sale of refreshments and other articles and the furnishing of services within any such territory." The statute is silent as to terms and conditions required in the granting of such concessions and, of itself, does not provide a concessionaire with a legitimate claim of entitlement to any

his contract with the department. However, the department had expressly reserved the right to terminate that contract and revoke the concession permit "for any reason which, in [the director's] opinion, is in the best interests of the Commonwealth." The plaintiff's right to continue operation of the marina was expressly limited by the terms of the very contract from which. that right derived. No contention is made that the contract was violated. It would appear that this broad power of revocation in the department defines the substantive rights of the parties under the contract and presents a situation diverse from those where the government grants a substantive property right and then seeks to set limitations on the procedures available to vindicate it. See *Goss* v. *Lopez, supra*; *Arnett* v. *Kennedy, supra*; *Perry* v. *Sindermann, supra.*

The plaintiff here undoubtedly expected to operate the marina during the summer of 1971, but in view of the broad powers of termination vested in the department he cannot be said by virtue of this contract to have a "legitimate claim of entitlement" to do so. *Regents of State Colleges* v. *Roth, supra* at 577. See *McCarthy* v. *Sheriff of Suffolk County, supra* at 784-785.

Nor was the plaintiff deprived of "liberty" within the meaning of the due process clause. The revocation of the permit constituted no charge of dishonesty, immorality or other disgraceful conduct sufficient to bring the plaintiff under the protection of the due process clause. Compare *Wisconsin* v. *Constantineau,* 400 U.S. 433, 435-437 (1971), and *McNeill* v. *Butz,* 480 F.2d 314, 319-320 (4th Cir. 1973), with *Regents of State Colleges* v. *Roth, supra* at 573, and *LaBorde* v. *Franklin Parish School Bd.,* 510 F.2d 590, 593 (5th Cir. 1975).

Nor do we see any interference with the plaintiff's freedom to engage in "lawful private occupations" in the

---

benefits. Compare the statutes cited in *Arnett* v. *Kennedy, supra* at 166 (Powell, J., concurring), and *Goldberg* v. *Kelly,* 397 U.S. 254, 261-262 (1970).

sense that it was found in *Milligan* v. *Board of Registration in Pharmacy*, 348 Mass. 491, 497 (1965). That case held that the broad discretion vested by statute in a State administrative agency to decide whether to grant a permit to operate a drug store was limited by the procedural requirements of due process. Here there is no obstacle posed to the plaintiff's "freedom of employment and business activity." *Id.* at 498. He has not been denied the right to pursue a particular career for which he was apparently qualified. See *Willner* v. *Committee on Character & Fitness*, 373 U.S. 96 (1963). Cf. *Goldsmith* v. *United States Bd. of Tax Appeals*, 270 U.S. 117, 123 (1926). Nor has he been denied permission to earn a living by pursuing an otherwise lawful private occupation at a particular location as was the situation in the *Milligan* case. Here, rather, is a contractual relationship between the department and the plaintiff and a decision by the department to discontinue that relationship pursuant to the terms of the contract. Cf. *DeCanio* v. *School Comm. of Boston*, 358 Mass. 116, 121 (1970), appeal dismissed for want of jurisdiction and cert. denied sub nom. *Fenton* v. *School Comm. of Boston*, 401 U.S. 929 (1971). The decision of the department to exercise its right to revoke does not amount to an intrusion of the plaintiff's "liberty" or a violation of due process under the *Milligan* case.

Furthermore, nothing is shown here to indicate that the plaintiff's ability to take advantage of future business or employment opportunities has been so seriously impaired as to constitute a deprivation of liberty within the meaning of the due process clause. The permit revocation, while possibly embarrassing, is not shown to have inflicted on the plaintiff the stigma of unemployability or disabled him from pursuing other public or private employment. See *Regents of State Colleges* v. *Roth*, *supra* at 574 n.13; *Cafeteria & Restaurant Workers, Local 473* v. *McElroy*, 367 U.S. 886, 896 (1961). We

thus conclude that due process requirements do not apply to this case.

Even had we concluded otherwise, the question would remain, " [W]hat process is due?" *Morrissey* v. *Brewer,* 408 U.S. 471, 481 (1972). Inquiry on this point requires the defining and weighing of competing interests stemming from the facts in each case. See *Arnett* v. *Kennedy, supra* at 167-168 (Powell, J., concurring); *Cafeteria & Restaurant Workers, Local 473* v. *McElroy, supra* at 895. Cf. *Joint Anti-Fascist Refugee Comm.* v. *McGrath,* 341 U.S. 123, 162-163 (1951) (Frankfurter, J., concurring). The form of notice and hearing in affording due process is variable depending upon the "appropriate accommodation of the competing interests involved." *Goss* v. *Lopez,* 419 U.S. 565, 579 (1975). In the present case the plaintiff received copies of the complaints against him deposited with the department by dissatisfied marina users and notice of the decision to terminate with the reasons therefor. Upon his request he was granted an informal hearing with representatives of the department, at which time he argued both orally and in writing his side of the case. Thereafter the director notified him that the matter had been reviewed and the decision to terminate was reaffirmed. The plaintiff complains that he did not receive a full adjudicatory hearing with an opportunity to confront and cross-examine those persons who had complained of his performance. However, confrontation and cross-examination are not invariably components of a due process right. *Goss* v. *Lopez, supra* at 583-584. *Wolff* v. *McDonnell,* 418 U.S. 539, 567-569 (1974). *Drown* v. *Portsmouth School Dist.,* 435 F.2d 1182, 1185-1186 (1st Cir. 1970), cert. denied, 402 U.S. 972 (1971). See *Richardson* v. *Perales,* 402 U.S. 389, 406-407 (1971). The plaintiff's rights here are not such, assuming they are entitled to be accorded due process at all, as to require the "full panoply" of procedures available under the due process clause when truly substantial interests are at stake. *Mor-*

*rissey* v. *Brewer, supra* at 480. Thus were we squarely faced with the issue whether the plaintiff received an adequate hearing under due process requirements, we would be inclined to hold that he did. It follows that the judgment of dismissal of the Superior Court should be affirmed.

*So ordered.*