SCHOOL COMMITTEE OF HATFIELD & another *vs.* BOARD OF EDUCATION & others.

Suffolk.    January 4, 1977. — May 6, 1977.

Present: HENNESSEY, C.J., QUIRICO, WILKINS, & LIACOS, JJ.

*Public Hearing.    State Administrative Procedure Act.    Due Process of Law,* Right to hearing.    *Administrative Matter.    Municipal Corporations,* School building assistance.

Inasmuch as there was neither a statutory nor a constitutional right to a hearing on an application to the State board of education for school building assistance funds pursuant to St. 1948, c. 645, the proceedings before the board were not adjudicatory proceedings within the meaning of G. L. c. 30A, § 1 (1), and therefore this court had no power to review the board's decision under G. L. c. 30A, § 14. [514-516]

A decision of the State board of education denying an application for school building assistance funds was not subject to judicial review under G. L. c. 231A [516-517]; nor was it subject to review under c. 15, § 1J [517]; nor was it subject to review under c. 249, § 4, through an action in the nature of certiorari [517].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 27, 1975.

The case was heard by *Kaplan,* J.

*Philip L. Goduti* for the plaintiffs.

*Francis X. Bellotti,* Attorney General, & *Andrew J. McElaney, Jr.,* Assistant Attorney General, for the defendants.

HENNESSEY, C.J.    This action was commenced in the Supreme Judicial Court for Suffolk County seeking judicial review of the action of the State board of education (board) in denying an application by the town of Hatfield for school building assistance funds pursuant to St. 1948, c. 645. All defendants moved to dismiss the action on the ground, inter alia, that the county court has no jurisdiction over the subject matter. A single justice of this court

dismissed the action, and the plaintiffs appealed to the full court. We conclude that the judgment of the single justice was correct. This court has no jurisdiction over the subject matter because the board's decision is not subject to judicial review.

1. The plaintiffs first contend that the board's decision is subject to judicial review under the State Administrative Procedure Act, G. L. c. 30A, § 14, as appearing in St. 1973, c. 1114, § 14. That section provides for judicial review of "a final decision of any agency in an adjudicatory proceeding." General Laws c. 30A, § 1 (1), as amended through St. 1966, c. 497, defines adjudicatory proceeding as "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing." The plaintiffs contend that the town was entitled to a hearing on its application under G. L. c. 30A.[1]

The plaintiffs concede that there is no statutory right to a hearing in this context under St. 1948, c. 645, or under any other provision of the General Laws. Therefore, the town was entitled to a hearing before the board only if such a hearing is constitutionally required. See, e.g., *Reid* v. *Acting Comm'r of the Dep't of Community Affairs*, 362 Mass. 136, 144 (1972). The question thus becomes whether the town had a property interest in the school building assistance funds for which it had applied which would invoke the protection of the due process clause of the Fourteenth Amendment to the United States Constitution, and of art. 10 of the Declaration of Rights of the Massachusetts Con-

---

[1] We think that the plaintiffs sufficiently manifested the town's interest. Counsel for the plaintiffs represented to this court that the board of selectmen of the town had authorized the action and that the complaint could have been amended to make the town a party. We see no reason in the context of this case to require formal amendment. See *City Manager of Medford* v. *Labor Relations Comm'n,* 353 Mass. 519, 521 (1968); *Building Inspector of Wayland* v. *Ellen M. Gifford Sheltering Home Corp.,* 344 Mass. 281, 286-287 (1962). Cf. *Natick* v. *Massachusetts Dep't of Pub. Welfare,* 341 Mass. 618, 619 (1961).

stitution.[2] See, e.g., *Lotto* v. *Commonwealth,* 369 Mass. 775, 777-778 (1976); *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare,* 368 Mass. 15, 23-24, cert. denied, 423 U.S. 929 (1975); *Mathews* v. *Eldridge,* 424 U.S. 319, 332-333 (1976); *Goss* v. *Lopez,* 419 U.S. 565, 574 (1975); *Arnett* v. *Kennedy,* 416 U.S. 134, 164-167 (1974) (Powell, J., concurring); *Perry* v. *Sindermann,* 408 U.S. 593, 599-603 (1972); *Regents of State Colleges* v. *Roth,* 408 U.S. 564, 570-571 (1972).

Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state laws — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare, supra* at 23, quoting from *Regents of State Colleges* v. *Roth, supra* at 577. The only possible source of a legitimate claim of entitlement to school building assistance funds is the controlling statute, St. 1948, c. 645. Section 8 of that statute, as amended through St. 1961, c. 471, § 2 (see also St. 1965, c. 572, § 42), provides: "Forthwith upon receipt of an application under the provisions of section seven, the ... [board] shall examine such application and any facts, estimates or other information relative thereto, and shall determine whether the proposed construction is in the best interests of the city, town, region or county, with respect to its site, type of construction, sufficiency of accommodations, and otherwise."[3] The board rejected the

---

[2] The protection afforded property interests by both provisions is subject to the same analysis. See, e.g., *McCarthy* v. *Sheriff of Suffolk County,* 366 Mass. 779, 784-785 (1975).

[3] Section 8 was later amended by St. 1976, c. 302, § 2, which made the best interests of the Commonwealth an additional consideration in the board's determination. Statute 1976, c. 302, § 4, further amended St. 1948, c. 645, by adding §§ 8A, 8B, and 8C. Section 8B establishes priorities for the board's allocation of school building assistance funds. Section 8C establishes standards to which every application for such funds must conform and requires that the board issue annually minimum program standards and minimum cost standards for all proposed school projects after complying with G. L. c. 30A, § 3. Whether such

town's application based on its conclusion that the proposed construction was not in the best interests of the town because (1) the Department of Education's enrollment projections for the town did not show an increasing school population for the town and, therefore, since at the time of the application, there were fewer than 320 pupils in grades seven through twelve in the Hatfield public schools, the proposed 400 pupil building was not justified, and (2) the application contravened published policies of the board with respect to school district organization and size.[4]

Statute 1948, c. 645, provided no explicit standards for determining eligibility for school construction funds and left to the discretion of the board the determination whether the proposed construction would be in the best interests of the town. Such discretion negates any claim of entitlement which would mandate the protection of the due process clause. Cf. *Lotto* v. *Commonwealth, supra.* Furthermore, the "best interests" determination of the board in this case is a matter of governmental policy, peculiarly within the expertise of the administrative agency. See, e.g., *Natick Trust Co.* v. *Board of Bank Incorporation,* 337 Mass. 615, 617 (1958); *Hayeck* v. *Metropolitan Dist. Comm'n,* 335 Mass. 372, 374-375 (1957). Since there is neither a statutory nor a constitutional right to a hearing in the context of this case, the proceedings before the board were not adjudicatory proceedings within the meaning of G. L. c. 30A, § 1 (1), and, therefore, this court has no power to review the board's decision under G. L. c. 30A, § 14.

2. The plaintiffs also seek declaratory relief under G. L. c. 231A. The board's decision is not subject to judicial review under that chapter because of the discretionary na-

---

formally promulgated standards may give rise to a legitimate claim of entitlement which would invoke the protections of the due process clause is not before us in this case, the statutory amendment providing for such standards having been enacted a year after the board's rejection of the town's application in the instant case.

[4] The latter reason for rejection is based on the board's duty to promote regional and consolidated schools. See St. 1948, c. 645, § 1.

ture of its decision. See, e.g., *Pilgrim Co-op. Bank* v. *Commissioner of Banks,* 369 Mass. 963 (1976), and cases cited therein. The conclusory allegations in the complaint do not bring this case within the exceptions collected in *West Broadway Task Force, Inc.* v. *Commissioner of the Dep't of Community Affairs,* 363 Mass. 745, 750-751 (1973).

3. The plaintiffs also seek judicial review under G. L. c. 15, § 1J. That statute is clearly inapposite to the case now before us, because it applies only to judicial review of racial imbalance plans.

4. Finally, the plaintiffs seek review under G. L. c. 249, § 4, through an action in the nature of certiorari. Such relief is available only to review judicial or quasi judicial proceedings, and is not available to review discretionary administrative action. See, e.g., *Good* v. *School Comm. of Cambridge,* 354 Mass. 759 (1968) ; *South Shore Nat'l Bank* v. *Board of Bank Incorporation,* 351 Mass. 363, 365 (1966) ; *First Church of Christ, Scientist* v. *Alcoholic Beverages Control Comm'n,* 349 Mass. 273, 274-275 (1965); *Natick Trust Co.* v. *Board of Bank Incorporation,* 337 Mass. 615, 617 (1958).

*Judgment affirmed.*