JOHN J. DOYLE *vs.* DEPARTMENT OF INDUSTRIAL ACCIDENTS
& others.[1]

No. 98-P-1647.

Norfolk. April 6, 2000. - September 7, 2000.

Present: PORADA, GILLERMAN, & LENK, JJ.

*Practice, Civil,* Relief in the nature of certiorari, Declaratory proceeding.
*Declaratory Relief. Workers' Compensation Act,* Vocational rehabilitation
benefits. *Due Process of Law,* Administrative hearing. *Statute,* Construction.

A claim in the nature of certiorari, seeking to challenge a determination of the
Department of Industrial Accidents, that was not filed within the sixty-day
statutory period was properly dismissed, and the procedural scheme for
review satisfied the requirements of due process, in circumstances in which
the plaintiff did not demonstrate a property interest in vocational rehabilita-
tion benefits awarded at the discretion of the department. [44-47]

CIVIL ACTION commenced in the Superior Court Department on
April 25, 1997.

A motion to dismiss was heard by *Nonnie S. Burnes,* J.

The case was submitted on briefs.

*William T. Salisbury* for the employee.

*Jamie W. Katz,* Assistant Attorney General, for Department of
Industrial Accidents & another.

LENK, J. John J. Doyle claims on appeal that it was error for a
Superior Court judge to have dismissed the complaint for
declaratory and injunctive relief that Doyle brought against the
Department of Industrial Accidents (DIA). Doyle's complaint
arises from the fact that the DIA, despite initially having deemed
Doyle suitable for vocational rehabilitation benefits and having
so advised him, thereafter reversed its decision. Doyle maintains
that the DIA's procedures for adjudicating claims for vocational
rehabilitation benefits deprive claimants, such as himself, of
their right to due process of law.

[1] Commissioner of the Department of Industrial Accidents, the Attorney
General, and August A. Busch & Company.

The pertinent facts, drawn from the face of Doyle's complaint, are these. Doyle was employed by August A. Busch & Company (Busch) from 1982 until June, 1993. He was rendered totally and permanently disabled from his employment at Busch after suffering a number of work related back injuries.

On August 8, 1994, Teresa Rogg, a regional rehabilitation review officer from the DIA's office of education and vocational rehabilitation (OEVR), deemed Doyle suitable for vocational rehabilitation benefits.[2] Subsequently, Doyle met with Joseph Goodman, a rehabilitation counselor, for an initial vocational assessment. Goodman advised Rogg that a cost analysis should be performed and questioned whether Doyle would benefit from vocational rehabilitation services. On December 6, 1994, Rogg proposed that Busch pay for the remainder of Doyle's undergraduate degree and gave Busch the required ten days to review this proposal.[3] Thereafter, Rogg granted Busch's request for an extension without specifying a new deadline.

On February 21, 1995, Busch obtained a research analysis indicating that there was no difference in the employability of an individual with either a Bachelor of Arts (B.A.) or a Bachelor of Science degree with a major in psychology for entry level positions. Rogg then reversed her initial suitability determination and issued a new determination to the effect that Doyle was not a suitable candidate for vocational rehabilitation benefits based upon the study commissioned by Busch and the assumption that Doyle had sufficient credits to petition for a B.A. degree in psychology.[4] Doyle appealed this determination to the commissioner of the DIA pursuant to G. L. c. 152, § 30H. On July 9, 1996, the commissioner affirmed OEVR's determination without a hearing.

Doyle subsequently filed a complaint for declaratory and injunctive relief in the Superior Court which can be read as questioning the constitutionality of the DIA's procedures for adjudicating claims regarding vocational rehabilitation benefits

---

[2]Doyle met with Rogg pursuant to G. L. c. 152, § 30G, as inserted by St. 1985, c. 572, § 40, which states in pertinent part, "The office of education and vocational rehabilitation shall contact and meet with each injured employee who it believes may require vocational rehabilitation services in order to return to suitable employment."

[3]The estimated cost of this proposal was $5,000.

[4]Doyle maintains that the assumption that he had sufficient credits was mistaken.

pursuant to G. L. c. 152, § 30H. Doyle alleges violations of due process rights accorded him under the United States Constitution and the Massachusetts Declaration of Rights.

A Superior Court judge dismissed Doyle's claim for lack of subject matter jurisdiction insofar as the claim asserted was in the nature of certiorari, G. L. c. 249, § 4, but had not been filed within the sixty-day statutory time period. Doyle maintains this was error because the complaint challenges the constitutionality of the DIA's procedures, a question appropriate for declaratory relief.

For purposes of reviewing whether a complaint was properly dismissed, we accept as true the allegations of the complaint, draw all reasonable inferences in favor of the nonmoving party, and inquire whether it appears certain that the plaintiff was not entitled to relief under any facts which could be proven in support of his claim. See *Nader* v. *Citron*, 372 Mass. 96, 98 (1977); *Fairneny* v. *Savogran Co.*, 422 Mass. 469, 470 (1996).

Doyle does not dispute that, where an aggrieved party wishes to appeal a decision of an administrative agency, relief in the nature of certiorari pursuant to G. L. c. 249, § 4, is the appropriate remedy. See *McLellan* v. *Commissioner of Correction*, 29 Mass. App. Ct. 933, 934 (1990). Accordingly, if we conclude that Doyle's complaint is in fact in the nature of certiorari, it follows that it was filed too late and was correctly dismissed. Doyle, however, contends that declaratory relief, rather than relief in the nature of certiorari, is the appropriate remedy because the claims he raises concern the constitutionality of the procedures used by the DIA when adjudicating claims regarding vocational rehabilitation benefits. "[A] complaint for declaratory relief is an appropriate way of testing the validity of regulations or the propriety of practices involving violations of rights, which are consistent and repeated in nature." *Nelson* v. *Commissioner of Correction*, 390 Mass. 379, 388 n.12 (1983). Hence, Doyle argues, his claim was improperly dismissed.[5]

"To secure declaratory relief in a case involving administra-

---

[5]We note that, while the Superior Court judge concluded that Doyle's constitutional challenge was "fatally intermingled" with his untimely administrative decision challenge, she nonetheless addressed his constitutional claims. She concluded that Doyle lacked standing to seek declaratory relief for alleged due process violations because he had not alleged a legally cognizable injury. The judge also concluded that, even if Doyle had a property interest in vocational rehabilitation benefits, "it appears that the statutory scheme is sufficient to satisfy the requirements of due process."

tive action, a plaintiff must show that (1) there is an actual controversy; (2) he has standing; (3) necessary parties have been joined; and (4) available administrative remedies have been exhausted." *Villages Dev. Co.* v. *Secretary of the Executive Office of Envtl. Affairs*, 410 Mass. 100, 106 (1991). In order to demonstrate standing, the plaintiff must allege a legally cognizable injury. See *Massachusetts Assn. of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 293 (1977); *Villages Dev. Co.* v. *Secretary of the Executive Office of Envtl. Affairs*, 410 Mass. at 106.

Doyle alleges that he was deprived of his right to vocational rehabilitation benefits without due process of law. "[W]here the plaintiffs claim that a denial of procedural due process deprived them of property, they must show first that the property interest that they claim was one to which they had an entitlement." *Liability Investigative Fund Effort, Inc.* v. *Massachusetts Med. Professional Ins. Assn.*, 418 Mass. 436, 443, cert. denied, 513 U.S. 1058 (1994). Thus, Doyle's claim rests upon whether he had an entitlement to vocational rehabilitation benefits pursuant to G. L. c. 152, § 30H.

Doyle raises his due process claims under both the Federal Constitution and art. 10 of the Massachusetts Declaration of Rights; the procedural protections under the two are coextensive. See *School Comm. of Hatfield* v. *Board of Educ.*, 372 Mass. 513, 515 n.2 (1977); *Liability Investigative Fund Effort, Inc.* v. *Massachusetts Med. Professional Ins. Assn.*, *supra* at 443. Property interests are not created by either the State or Federal Constitution; they are instead "created and their dimensions . . . defined by existing rules or understandings that stem from an independent source such as state law." *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare*, 368 Mass. 15, 23, cert. denied, 423 U.S. 929 (1975), quoting from *Regents of State Colleges* v. *Roth*, 408 U.S. 564, 577 (1972). See *Allen* v. *Assessors of Granby*, 387 Mass. 117, 119 (1982); *Madera* v. *Secretary of the Executive Office of Communities & Dev.*, 418 Mass. 452, 459 (1994).

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Allen* v. *Assessors of Granby*, 387 Mass. at 120, quoting from *Regents of State Colleges* v. *Roth*, *supra* at 577. Generally, an individual has a

property interest in a benefit when the relevant law establishes certain eligibility criteria which, if met, entitle an individual to the benefit. See *Madera* v. *Secretary of the Executive Office of Communities & Dev.*, 418 Mass. at 459. However, if the relevant law provides the awarding agency or other entity discretion to decide whether to grant benefits to a potential recipient, such discretion negates any entitlement claim which the potential recipient may have had. See *School Comm. of Hatfield* v. *Board of Educ.*, 372 Mass. at 516; *Allen* v. *Assessors of Granby, supra* at 121; *Madera* v. *Secretary of the Executive Office of Communities & Dev., supra* at 459. Accordingly, Doyle's entitlement claim depends upon an analysis of G. L. c. 152, § 30H, to determine whether it provides the DIA discretion to grant or deny vocational rehabilitation benefits to potential recipients.

Under G. L. c. 152, § 30H, as inserted by St. 1985, c. 572, § 40, OEVR "shall determine if vocational rehabilitation is necessary and feasible to return the employee to suitable employment." Employment history, transferable skills, work habits, financial need, and a host of other factors are considered by OEVR to determine whether an individual qualifies for vocational rehabilitation benefits. See 452 Code Mass. Regs. § 4.05(2) (1993). The statute does not develop specific criteria which, if met, would entitle an individual to benefits, but instead provides OEVR with considerable discretion to determine whether to award such benefits. Potential recipients of vocational rehabilitation benefits accordingly do not have a property interest in those benefits rising to the level of an entitlement and are not afforded due process protection.

This is not the end of the inquiry, however, because Doyle argues that, even if an employee does not have a protected property interest in vocational rehabilitation benefits initially, the employee becomes entitled to due process protection after an initial determination is made that the employee is suitable for vocational rehabilitation benefits. Nonetheless, even if, under such circumstances, Doyle's expectation of vocational rehabilitation benefits were viewed as having risen to the level of a protected property interest, a point we need neither reach nor decide, the protection would only assure him of procedures sufficient to meet the requirements of due process. See *Mathews* v. *Eldridge*, 424 U.S. 319 (1976); *Bielawski* v. *Personnel Administrator of the Div. of Personnel Admn.*, 422 Mass. 459, 466 (1996). "The fundamental requisite of due process is an

opportunity to be heard at a meaningful time and in a meaningful manner." *Matter of Kenney,* 399 Mass. 431, 435 (1987).

Doyle contends that, in rendering an adverse suitability determination, Rogg was mistaken in assuming that he had sufficient credits to obtain a B.A. degree in psychology. Doyle asserts that, because he was not provided a hearing to correct OEVR's mistaken information, he was denied due process. In this regard, however, the record suggests that, on July 20, 1995, after Rogg's adverse redetermination, Doyle submitted a letter to Rogg with an attachment from his undergraduate institution indicating that he had not satisfied the requirements for a B.A. degree. Rogg responded to this letter on July 25, 1995, indicating that the information included in Doyle's July 20, 1995, letter did not change her adverse suitability determination, which determination the commissioner then supported. Thus, although not afforded a hearing, Doyle, through the submission of documentary evidence, availed himself of the opportunity to correct OEVR's alleged misunderstanding of his undergraduate degree status. It was open to Doyle to challenge the commissioner's determination by bringing an action in the nature of certiorari. Doyle did not pursue this review in a timely manner and, accordingly, did not take full advantage of the procedural scheme provided him.[6] That scheme requires action by a regional rehabilitation review officer (here, Rogg), provides for an appeal to the commissioner, and thereafter provides for limited judicial review. Such a procedural scheme satisfies the requirements of due process. See *Bielawski* v. *Personnel Administrator of the Div. of Personnel Admn.,* 422 Mass. at 466.

The complaint was correctly dismissed.

*Judgment affirmed.*

---

[6]Absent special circumstances (not present here), an action for declaratory relief cannot be used to avoid the time bar consequences of failure to pursue the appropriate form of judicial review or appeal. See *School Comm. of Franklin* v. *Commissioner of Educ.,* 395 Mass. 800, 807-808 (1985); *Bielawski* v. *Personnel Administrator of the Div. of Personnel Admn., supra* at 464 n.11.