PAUL SPRAGUE *vs*. FRANCIS P. O'CONNELL, administrator.

Worcester. May 10, 1984. — June 8, 1984.

Present: GRANT, DREBEN, & WARNER, JJ.

*Executor and Administrator,* Claims against estate, Short statute of limitations. *Probate Court,* Jurisdiction.

The short statute of limitations expressed in clause (b) of the first paragraph of G. L. c. 197, § 9, was not applicable to bar a complaint filed in a Probate Court pursuant to the last paragraph of that section, as inserted by St. 1979, c. 546, § 5, to secure an order for payment of a claim against a decedent's estate under procedures for the so called nonadversary presentation of claims against estates, where the claim had been presented to the administrator in a timely manner and where the administrator's failure to give the claimant timely written notification of his action on the claim had the effect of allowing it. [232-234]

In a Probate Court proceeding pursuant to the last paragraph of G. L. c. 197, § 9, inserted by St. 1979, c. 546, § 5, to secure an order for payment of a claim which has been allowed against a decedent's estate under so called nonadversary procedures, the only questions open are the manner and timeliness of the presentation of the claim, whether the claim has been paid, and, if it has not, the extent to which there are funds of the estate available for payment of the claim, and the proceeding is not to be concerned with determining what portions of the claim are valid or invalid. [234-236]

COMPLAINT filed in the Worcester Division of the Probate and Family Court Department on March 16, 1982.

The proceeding was heard by *Conlin, J.*

*Stephen Gordon* for the plaintiff.

*Robert P. Springer & Sherrie Krasner,* for the defendant, submitted a brief.

GRANT, J. The facts of this case require us to interpret some of the provisions of G. L. c. 197, § 9, as appearing in St. 1976, c. 515, § 15, and as amended by St. 1979, c. 546, § 5, which are concerned with the so-called non-adversary[1]

[1] See Note, 14 New Eng. L. Rev. 513, 583-584 (1979).

Sprague *v.* O'Connell.

presentation of claims against the estates of decedents. The statute is set out in full in the appendix hereof.[2] The following is a summary of the relevant facts and prior proceedings.

The administrator's bond for the performance of his trust was approved on April 30, 1981, twelve days after the death of the decedent. On May 27, 1981, one Paul Sprague (claimant), acting under (*a*) of the first and second paragraphs of said § 9 ([1] and [2]), filed in the registry of probate on an approved form a written statement of a $6,000 claim against the estate "for goods sold and services rendered."[3] A copy of that statement was mailed to the administrator and received by him on May 29, 1981. The administrator requested and received some documentation and conducted some preliminary investigation of the merits of the claim, but he did not give the claimant any written notice of either allowance or disallowance of the claim within the sixty-day period specified in [3] of § 9 or within the nine-month period specified in (*b*) of [1] of § 9.

On March 16, 1982, more than two months after the expiration of the nine months, the claimant filed in the Probate Court a complaint under [6] of § 9 seeking an order for the payment of his claim. It was not until the administrator filed his answer to the complaint that he sought to disallow the claim. A probate judge treated the complaint (as amended) as if it were one for damages which had been filed in the Superior Court or in a District Court, took evidence on the merits and amount of the claim and on the question whether it might be fraudulent, made written findings of fact and conclusions of law,[4] and entered judgment for the claimant in the amount of

---

[2] The bracketed numbers appearing in the copy of the statute have been inserted for ease of reference in the text of our opinion.

[3] The claimant is an airframe and power plant mechanic licensed by the Federal Aviation Administration (FAA) to perform maintenance and repairs on certain types of aircraft and their engines. His claim is for the value of new engine parts and labor allegedly supplied by him in the repair of a light aircraft owned by the decedent.

[4] The judge and both counsel appear to have proceeded throughout on the assumption that a complaint filed under the sixth paragraph of G. L.

$2,500, together with interest and costs. The administrator appealed.[5]

1. The first question argued is whether a Probate Court can entertain a complaint under [6] which is not filed within the nine-month period following an executor's or administrator's giving bond which is specified in (b) of [1] and which has commonly been referred to as the short statute of limitations. The answer to that question requires us to consider the provisions for the non-adversary presentation of claims which were inserted in G. L. c. 197, § 9, by St. 1976, c. 515, § 15.[6]

Now,[7] instead of bringing the traditional adversary action at law against an executor or administrator in the Superior Court or in a District Court (see [b] of [1] and [2]), a creditor of a decedent may present a written statement of his claim to the executor or administrator within four months of the date of the approval of his bond, utilizing for that purpose one of the two methods of presentation authorized by (a) of [2]. The first sentence of [3] provides that the executor or administrator may mail the claimant a notice that his claim has been disallowed. The fourth sentence of [3] provides that the executor's or administrator's failure to mail the claimant any notice of action taken on his claim within sixty days following the expiration of the four-month period "shall have the effect of a notice of allowance." The sixth paragraph of § 9, which was

c. 197, § 9, is equitable in nature and thus subject to the Massachusetts Rules of Civil Procedure. That assumption was erroneous. Such a complaint falls within the probate jurisdiction of the court under G. L. c. 215, § 3 ("all matters relative to the estates of . . . deceased persons"), rather than within the equity jurisdiction of the court (G. L. c. 215, § 6) and is not one "seeking equitable relief" within the meaning of Mass.R.Civ.P. 1, as most recently amended effective January 1, 1982, 385 Mass. 1214.

[5] The claimant also filed a notice of appeal, but he did not enter his appeal in this court and is thus not entitled to any more favorable treatment than what he received below. Town Taxi, Inc. v. Police Commr. of Boston, 377 Mass. 576, 579 (1979).

[6] See generally Young, Probate Change, 20 Boston Bar J. 6, 13-14 (December, 1976).

[7] The 1976 amendments took effect on January 1, 1978. See St. 1977, c. 76, § 2.

added by St. 1979, c. 546, § 5, because the provision just quoted is not self-executing, provides that "[b]y complaint filed in the probate court, a claimant whose claim has been allowed as provided herein, but not paid, may secure an order directing the executor or the administrator to pay the claim to the extent that funds are available for payment."

When the four-month period specified in (*a*) of [1] is correlated with the shortening (by St. 1976, c. 515, § 14) from six months to four months of the period specified in the first clause of G. L. c. 197, § 2, it is obvious that the new provisions for the presentation of written statements of claims which were inserted in G. L. c. 197, § 9, in 1976 were designed to expedite the settlement of estates. Thus, under G. L. c. 197, § 2, an executor or administrator who has received statements of claims under § 9 and who has no notice of any other demands against the estate which might render it insolvent, will be protected in paying at the expiration of four months all the claims which are presented to him within that period and which he has allowed, either expressly or by inaction. If the executor or administrator wishes or has any reason to dispute a claim which has been presented to him under (*a*) of [1] and [2], he can disallow it. Under (*a*) of [1], such a disallowance puts the claimant to the commencement of an action in the Superior Court or in a District Court within sixty days of the mailing to him of the notice of disallowance which warns him of the impending bar of the claim, with the result that the executor will usually be apprised of the further potential liabilities of the estate well within the expiration of the nine-month period specified in (*b*) of [1].

It will thus be seen that the new procedure for the non-adversary presentation of claims has its own periods of limitations for the presentation of claims and for the commencement of litigation of disallowed claims which are distinct from the nine-month period of limitations applicable to traditional actions at law. It is undoubtedly for that reason that [6] of § 9 makes no reference to the nine-month period in (*b*) of [1] of that section and contains no period of limitations of its own. Paragraph [6] of § 9 authorizes orders for the payment of claims

that have been "allowed" only "to the extent that funds are available for payment." Paragraph [4] of that section provides that "[a] judgment in a proceeding in another court against an executor or administrator to enforce a claim against a decedent's estate is an allowance of his claim." Such proceedings necessarily include actions which are brought under (*a*) of [1] on claims which have been presented but disallowed. They also include the traditional actions at law brought by creditors of a decedent who do not choose to present their claims in accordance with the new procedure and who have nine months (unless extended by the Probate Court under the last sentence of [1]) within which to commence actions at law against the executor or administrator so long as they comply with one of the alternative requirements of service or notice set out in (*b*) of [1] and in the second sentence of [1].

Few such actions, whether brought within the sixty-day period of limitations specified in (*a*) of [1] or within the nine-month period of limitations specified in (*b*) of [1], will be reduced to judgment so that the underlying claims are "allowed" under [4] within nine months of the executor's or administrator's giving bond. And in more than a few estates it will be impossible to know "the extent [to which] funds are available" ([6]) within nine months of the giving of bond. It is thus apparent that there are good reasons why [6] contains no period of limitations of its own and does not incorporate the nine-month period of limitations specified in (*b*) of [1].

We hold that the judge was correct in ruling that the complaint in this case was not time-barred.

2. Most of the other questions which have been argued are directed to the nature and scope of the proceedings which are authorized under [6] of § 9. As already mentioned, the judge treated the complaint before him as if it were one for damages which had been filed in the Superior Court or in a District Court, and he either authorized or directed the parties to litigate not only the merits of the claim but also the amount which might be due thereon. He found for the claimant in an amount which was $3,500 less than what had been claimed in the form filed by him under (*a*) of [1] and [2].

We think the judge erred, because [6] means just what it says on its face, and no more. It authorizes a Probate Court to enter an order directing an executor or administrator to pay, to the extent funds are available, a "claim [which] has been allowed as provided herein." The word "claim" obviously refers to a written statement of claim which has been presented in accordance with (a) of [1] and [2], and that word is used in contradistinction to the word "action" which appears only in [1] and which refers to adversary proceedings commenced and conducted in the Superior Court or in a District Court. The word "allowed" has reference to an express allowance of a claim under [3], to an allowance which results from inaction under the last sentence of [3],[8] and to an allowance which results from the reduction to judgment under [4] and [5] of a claim which is litigated in another court. We think it clear that the only questions ordinarily open at the hearing on a complaint filed under [6] are the manner and timeliness of the presentation of the claim, whether the claim has been paid, and (if not) the extent to which there are funds of the estate available for payment of the claim.[9]

---

[8] The second sentence of [3] talks in terms of an executor's or administrator's "chang[ing] his decision" "allowing . . . a claim" and notifying the claimant of the change but does not specify the time within which either action can or must be accomplished. There was no effort by the administrator in this case to undo his implied allowance of the claim in question until he filed his answer to the complaint made under [6], which was long after the claimant could have commenced an action in another court. Any holding by us that such belated action was effective to disallow the present claim would create a needless trap for the unwary, would effectively destroy the utility of the new procedure for the non-adversary presentation of claims, and would throw countless claims into litigation in the single justice session of the Supreme Judicial Court under G. L. c. 197, § 10. See, e.g., *Hastoupis* v. *Gargas,* 9 Mass. App. Ct. 27, 31-34 (1980).

[9] The administrator in this case contends that he should be excepted from any such rule because the claim in question is fraudulent. The difficulties with any such contention are that, on the record, the administrator (who is the sole heir) appears to have investigated the claim in sufficient detail to warrant his expressing doubts to his then lawyer as to the validity of the claim, while failing to take any action to disallow the claim until after the filing of the present complaint. In particular, the administrator testified that he had been advised by another FAA mechanic who was familiar with the

Further, we are of opinion that in proceedings under [6] a claim which has been presented under (*a*) of [1] and [2] must (to the extent that funds are available for the purpose)[10] be paid in the full amount claimed in the written statement unless the executor or administrator has timely exercised his powers to allow or disallow the claim only in part. Thus, (*a*) of [1] expressly authorizes a "disallowance in whole or in part" and requires the prompt commencement of an action in another court in the event of a "partial allowance" as well as "disallowance." In short, a Probate Court, in proceedings under [6] of § 9, is not to be concerned with determining what portions of a claim are valid or invalid.[11]

3. The conclusions we have reached in parts 1 and 2 of this opinion relieve us of the necessity for considering any of the other questions which have been argued.

The judgment below, taken as an order entered under the sixth paragraph of G. L. c. 197, § 9, is modified so as to provide that interest on the $2,500 is to run from the date which is four months and sixty days from the date of the approval of the administrator's bond[12] and, as so modified, is affirmed. Each party is to bear his own counsel fees and expenses on appeal.

*So ordered.*

aircraft in question and whom the administrator ultimately called as an expert witness in his behalf at trial that he (the mechanic) had inspected the aircraft's engine and could not find any of the new parts allegedly supplied by the claimant. See note 3, *supra.* In addition, the administrator even went to the point of complaining of the claimant's conduct to the FAA. There will be time enough to consider whether there should be an exception to the rule we have enunciated in this opinion when we are presented with the case of a diligent executor or administrator who had no reason to suppose a claim presented under (*a*) of [1] and [2] was fraudulent when he allowed it. In this connection, it should be understood that an executor or administrator can disallow in whole or in part any claim as to which he has the slightest doubt and so put the claimant to his proof in an action in another court.

[10] The claimant in this case will receive only $2,500 of his total claim of $6,000 because he failed to enter his appeal in this court. See note 5, *supra.*

[11] The executor or administrator remains free to invoke the jurisdiction of the Probate Court under the concluding clause of G. L. c. 197, § 2, with respect to claims which come to his attention but which are not presented under (*a*) of [1] and [2] of G. L. c. 197, § 9.

[12] See [2](*a*) and [5]

APPENDIX.

General Laws c. 197, § 9, as most recently amended by St. 1979, c. 546, § 5:

[1] Except as provided in this chapter, an executor or administrator shall not be held to answer to an action by a creditor of the deceased unless (*a*) the claim is presented within four months from the time of his giving bond for the performance of his trust, and, in the event of disallowance in whole or in part in accordance with this section, such action is commenced within sixty days after mailing to him of a notice of disallowance or partial allowance warning the claimant of the impending bar, or (*b*) unless such action is commenced within nine months after the executor or administrator gives bond for the performance of his trust, whichever is later, and, unless in either case, before the expiration of the period, the process in such action has been served by delivery in hand upon such executor or administrator or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate. An executor, administrator or administrator de bonis non shall not be held to answer to an action by a creditor of the deceased which is commenced within any other or additional period of limitation for bringing such action provided by or under this chapter unless before the expiration of such period the process in such action has been served by delivery in hand upon him or service thereof accepted by him or a notice as aforesaid has been filed in the proper registry of probate. The probate court may allow creditors further time for bringing actions, not exceeding one year from the time of giving bond by such executor or administrator, provided that application for such further time be made before the expiration of nine months from the date of approval of the bond.

[2] Claims against a decedent's estate may be presented as follows:

(*a*) The claimant within four months after approval of the official bond of the executor or administrator may deliver or mail to the executor or administrator a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or within such time may file a written statement of the claim on an approved form with proper registry of probate and a copy thereof delivered or mailed to the executor or administrator. The claim shall be deemed presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim in the registry of probate. If the claim is secured, the security shall be described. Failure to describe the security correctly will not invalidate the presentation made.

(*b*) Or the claimant may commence a proceeding against the executor or administrator in any court where he may be subjected to jurisdiction, to obtain

payment of his claim against the estate, but the commencement of the proceeding must occur within the time limit and in the time stated in this section.

[3] As to claims presented by written statements of claim within the time limit prescribed above, an executor or administrator may mail a notice to any such claimant stating that the claim has been disallowed. If, after allowing or disallowing a claim, the executor or administrator changes his decision concerning the claim he shall so notify the claimant. The executor or administrator may not change a disallowance of a claim after the time for the claimant to commence a proceeding on the claim has expired and the claim has been barred. Failure of the executor or administrator to mail notice to a claimant of action on his claim within sixty days after the time for original presentation of the claim has expired shall have the effect of a notice of allowance.

[4] A judgment in a proceeding in another court against an executor or administrator to enforce a claim against a decedent's estate is an allowance of his claim.

[5] Unless otherwise provided in any judgment in another court entered against the executor or administrator, allowed claims shall bear interest at the legal rate for the period commencing sixty days after the time for original presentation of the claim has expired unless based on a contract making a provision for interest, in which case such claims shall bear interest in accordance with said provision.

[6] By complaint filed in the probate court, a claimant whose claim has been allowed as provided herein, but not paid, may secure an order directing the executor or administrator to pay the claim to the extent that funds are available for payment.