BARBARA TELESETSKY vs. ANN WIGHT & another,[1]
administrators.

Middlesex.   January 9, 1985. — September 18, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Statute*, Construction. *Executor and Administrator*, Claims against estate,
Notice, Short statute of limitations. *Notice. Probate Court*, Jurisdiction.

Under G. L. c. 197, § 9, providing that a claim against an estate presented
in the specified form within four months of the approval of the adminis-
trator's bond will be considered allowed if the administrator fails to act
on it within sixty days after the expiration of the four-month period, the
administrator has authority to change an allowance of a claim, whether
actual or constructive, after the expiration of the period of four months
and sixty days. [872]
Under the nonadversary procedure provided by G. L. c. 197, § 9, for pre-
senting claims against an estate, an administrator's notice of disallowance
of a claim is ineffective unless it contains a warning of the impending
bar if action on the claim is not commenced within sixty days of the
notice of disallowance. [872-875]
Where a claim against an estate presented under the nonadversary procedure
of G. L. c. 197, § 9, was constructively allowed as a result of the
administrators' failure to act on the claim within sixty days after the
expiration of the four-month period for presenting the claim, and where
the administrators changed the allowance to a disallowance after the
sixty days had passed, mailing the claimant a notice of disallowance
which did not warn her that the claim would be barred unless she brought
action on it within sixty days, it was held that the administrators' authority
to change an allowance to a disallowance was not limited to the four-
month and sixty-day period, that the notice of disallowance was ineffec-
tive, that, in the circumstances, the claimant was not entitled to have
her claim treated as automatically allowed, and that the claimant was
to be given sixty days from the entry of the rescript of this court to bring
an action on the claim in a court of proper jurisdiction. [875-877]

[1] Stephen Wight.

PETITION for payment of a claim filed in the Middlesex Division of the Probate and Family Court Department on July 7, 1983.

The proceedings were heard by *Arthur G. Coffey*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*George P. Lordan, Jr.* (*Marilyn Kimball* with him) for the plaintiff.

*Harold W. Potter, Jr.*, for the defendant.

LIACOS, J. The plaintiff, Barbara Telesetsky, filed a notice of claim against the defendants, Ann Wight and Stephen Wight, coadministrators of the estate of Philip D. Wight. The defendants sent a notice of disallowance of the claim, and the plaintiff filed a petition for payment. A judge of the Probate- Court ruled on a submitted statement of agreed facts that the defendants properly disallowed the claim and dismissed the petition. The plaintiff filed a notice of appeal, and we allowed her application for direct appellate review. We are asked to interpret some of the provisions of G. L. c. 197, § 9 (1984 ed.). This statute governs the presentation of claims against an estate of a decedent and the manner by which they are allowed and disallowed.

The parties agreed to the following material facts which we now summarize. Philip D. Wight died on June 10, 1982. The defendants, Ann Wight and Stephen Wight, were appointed coadministrators of the estate; their bonds were approved on October 8, 1982. On January 27, 1983, the plaintiff filed a notice of claim against the estate in the Probate and Family Court for Middlesex County, and mailed copies to the coadministrators. The claim stated that the estate was indebted to the plaintiff in the sum of "$12,500 or a trust fund, plus furniture."

An administrator has sixty days after the four-month period which runs from the date of the approval of the bond to act on a claim. The administrators did not act on the claim during this sixty-day period. Their failure to act resulted in the allowance of the creditor's claim.[2] By a letter dated April 28, 1983,

---

[2] General Laws c. 197, § 9, second par., reads in part: "Claims against a decedent's estate may be presented as follows: (a) The claimant within

the administrators notified the plaintiff in the seventh month that her claim was disallowed. The notice of disallowance was void of any warning of the impending bar to the commencement of suit by the plaintiff if suit was not commenced within sixty days from the disallowance of the claim.[3] On July 7, 1983, the plaintiff filed a petition for payment in the Probate Court under G. L. c. 197, § 9, sixth par.[4] The administrators, who refused to make payment, answered that the claim had been properly disallowed and, accordingly, should be dismissed. The Probate Court dismissed the petition. The plaintiff has never commenced an action in a court of competent jurisdiction against the estate of Philip D. Wight.

four months after approval of the official bond of the executor or administrator may deliver or mail to the executor or administrator a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or within such time may file a written statement of the claim on an approved form with the proper registry of probate and a copy thereof delivered or mailed to the executor or administrator. The claim shall be deemed presented on the first to occur of receipt of the written statement of the claim by the personal representative, or the filing of the claim in the registry of probate. If the claim is secured, the security shall be described. Failure to describe the security correctly will not invalidate the presentation made."

General Laws c. 197, § 9, third par., reads: "As to claims presented by written statements of claim within the time limit prescribed above, an executor or administrator may mail a notice to any such claimant stating that the claim has been disallowed. If, after allowing or disallowing a claim, the executor or administrator changes his decision concerning the claim he shall so notify the claimant. The executor or administrator may not change a disallowance of a claim after the time for the claimant to commence a proceeding on the claim has expired and the claim has been barred. Failure of the executor or administrator to mail notice to a claimant of action on his claim within sixty days after the time for original presentation of the claim has expired shall have the effect of a notice of allowance."

[3] This notice was not part of the record appendix before us. Ordinarily, we would not take cognizance of a document not included in the record appendix. However, the attorney for the administrators conceded at oral argument that the "fact of the matter is in this case the particular notice that was sent to [the plaintiff's attorney] did not contain a warning" of the impending bar. See Mass. R. A. P. 18 (a), as amended, 392 Mass. 1106 (1984).

[4] The sixth paragraph of § 9 reads: "By complaint filed in the probate court, a claimant whose claim has been allowed as provided herein, but not paid, may secure an order directing the executor or administrator to pay the claim to the extent that funds are available for payment."

On appeal, the plaintiff argues that the Probate Court errone-
ously dismissed her petition because the administrators' disal-
lowance of her claim in the seventh month following approval
of their bonds was ineffective under G. L. c. 197, § 9. She
asserts that the administrators' failure to act on her notice of
claim within the prescribed statutory period constituted an au-
tomatic and irrevocable allowance of her claim. She claims
that to interpret the statute in any other manner would defeat
the purpose of the Legislature in amending § 9.[5] In addition,
the plaintiff claims that the purported notice of disallowance
was ineffective due to its failure to warn of the requirement
of G. L. c. 197, § 9, first par., that a suit on a disallowed
claim must be commenced within sixty days after the mailing
of a notice of disallowance.[6]

---

[5] Prior to the 1976 amendment, § 9 offered creditors only one method to
present claims against an estate. A creditor had one year from the approval
of the administrator's bond in which to commence an action in court. See
St. 1954, c. 552, § 1. Upon a creditor's application, the Probate Court had
the discretion to extend this period an additional year. Id.

In enacting St. 1976, c. 515, § 15, the Legislature amended § 9 to include
an additional method to present claims against an estate. A creditor can
now file a claim of notice with the executor or administrator within four
months after the approval of the bond and then be able to rely on the claim
as having been allowed unless a notice of disallowance is received within
sixty days after the expiration of the four-month period for presenting the
claim. This is the nonadversary presentation of claims against an estate.
See Project, Massachusetts Probate Reform — The Massachusetts Omnibus
Probate Act and The Uniform Probate Code: A Comparative Study, 14
New Eng. L. Rev. 513, 575-577 (1979) (Project). The statute also retained
the traditional method of commencing a legal action within nine months of
the approval of the administrator's bond.

[6] General Laws c. 197, § 9, first par., provides, in relevant part: "Except
as provided in this chapter, an executor or administrator shall not be held
to answer to an action by a creditor of the deceased unless (a) the claim is
presented within four months from the time of his giving bond for the
performance of his trust, and, in the event of disallowance in whole or in
part in accordance with this section, such action is commenced within sixty
days after mailing to him of a notice of disallowance or partial allowance
warning the claimant of the impending bar, or (b) unless such action is
commenced within nine months after the executor or administrator gives
bond for the performance of his trust, whichever is later, and, unless in
either case, before the expiration of the period, the process in such action
has been served by delivery in hand upon such executor or administrator
or service thereof accepted by him or a notice stating the name of the estate,

In reply, the administrators contend that § 9 grants them the authority to disallow the plaintiff's claim after the sixty-day period for disallowing claims has expired. The administrators argue that they are only limited in making such a disallowance by the nine-month period specified in § 9, first par. (*b*), and second par. The administrators also argue that regardless of the above, the Probate Court lacks jurisdiction under § 9, sixth par., to adjudicate the merits of the plaintiff's claim and properly dismissed her petition.

We agree that an administrator properly may change the allowance of a claim to a disallowance of that claim after the sixth month, but conclude that, to be effective, the notice of disallowance must contain a warning of the impending bar for failure to commence suit within sixty days of the notice of disallowance. The administrators failed to include the warning in the notice. See note 3, *supra.* We conclude, therefore, that the notice of disallowance was ineffective. We conclude, further, that in the circumstances of this case the plaintiff is not entitled to have her claim treated as automatically allowed. The plaintiff, however, should be allowed to initiate legal proceedings in a court of proper jurisdiction to prove her claim, provided she initiates the action within sixty days after the entry of the rescript in the Probate Court.

Central to the resolution of this controversy is the interpretation of G. L. c. 197, § 9. The text must be afforded its plain meaning when it is clear and unambiguous. *Bronstein* v. *Prudential Ins. Co. of Am.*, 390 Mass. 701, 704 (1984), and cases cited. When ambiguities are present, however, "a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Commonwealth* v. *Galvin*, 388 Mass. 326, 328 (1983), quoting *Board of Educ.*

---

the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate."

v. *Assessor of Worcester*, 368 Mass. 511, 513 (1975). At the same time, a statute should be read as a whole to produce an internal consistency. See 2A C. Sands, Sutherland Statutory Construction § 46.05 (4th ed 1984).

In 1976, the Legislature rewrote G. L. c. 197, § 9.[7] This amendment was part of an omnibus probate reform bill adapted from the Uniform Probate Code (U.P.C.) and jointly filed by the Boston Bar Association and the Massachusetts Bar Association.[8] The drafters of the bill proposed the changes for the obvious purpose of expediting the probate process and the settlement of estates. See Young, Probate Change, 20 B.B.J. 6 (Dec., 1976); *Sprague* v. *O'Connell*, 18 Mass. App. Ct. 230, 233 (1984). The 1976 amendment represents an effort to expedite the handling of claims against an estate and to ensure fairness in their settlement, to reduce costs, to avoid traps for unwary creditors, and to promote a faster settlement of estates. Additionally, an objective of the legislation was to bring Massachusetts laws into closer conformity with the laws of other jurisdictions. See Project, *supra* at 575-598; Young, Probate Reform, 18 B.B.J. 7, 15 (March 1974); Uniform Probate Code, 8 U.L.A. Art. III, part 8, general comment (Master ed. 1983). The main purpose of the legislation, however, appears to be to achieve speedier settlement of estates, for the benefit of both claimants and heirs or beneficiaries.

General Laws c. 197, § 9, provides two separate methods for creditors to present claims against an estate. The statute retains the traditional adversary method of instituting an action at law against the estate in the Superior Court or District Court.

[7] See St. 1976, c. 515, § 15. The amendment took effect on January 1, 1978. See St. 1977, c. 76, § 2.

[8] See 1974 House Doc. No. 2203. The bill included over thirty-five substantive changes in Massachusetts probate law. The drafters did not recommend adoption of the U.P.C. in full because the probate law in this Commonwealth was well established in many areas. See Young, Probate Reform, 18 B.B.J. 7-9 (March, 1974).

The American Bar Association approved the U.P.C. in 1969 in an effort to make probate law uniform among the various jurisdictions. The following jurisdictions have adopted the U.P.C.: Alaska, Arizona, Colorado, Florida, Hawaii, Idaho, Kentucky (in part), Maine, Michigan, Minnesota, Montana, Nebraska, New Mexico, North Dakota, and Utah. 8 U.L.A. 1 (Master ed. 1983).

See G. L. c. 197, § 9, first par. (*b*) and second par.[9] Under this traditional method a creditor must commence the action within the short statute of limitations period of no earlier than three months and no later than nine months after the executor or administrator posts his bond. G. L. c. 197, §§ 1, 9, first par. (b).

The amendment of § 9 by St. 1976, c. 515, § 15, created an alternative system to operate concurrently with the adversary method. A creditor may now present a claim directly to the administrator within four months after the approval of his bond. Receipt of the claim by the administrator tolls the nonclaim statute and shifts the burden to act to him. G. L. c. 197, § 9, first par. (*a*), second par. Under the provisions of § 9, third par., the administrator may notify the creditor that the claim has been allowed or disallowed. If the administrator fails to give notice of disallowance to the claimant within sixty days following the expiration of the four-month period running from the date of the approval of his bond, it "shall have the effect of a notice of allowance."

Under this nonadversary method, a claim can be allowed without court intervention. Utilizing the adversary method, however, necessitates a court judgment (§ 9, fourth par.), before a creditor can bring a petition for payment of an allowed claim in the Probate Court under § 9, sixth par., which authorizes orders for the payment of claims that have been allowed either expressly or by operation of law and of judgments on claims that have been litigated in another court. See *Sprague v. O'Connell, supra* at 235. Clearly, the nonadversary method of presentment promotes the purpose of the amendment to expedite the settlement of estates.

The Massachusetts system for the presentation of claims has been closely modeled on the U.P.C.[10] The major difference between the two is that the U.P.C. provides a single limitation

[9] With minor changes, this system has been in effect in Massachusetts since the Seventeenth Century. See Atkinson, The Development of The Massachusetts Probate System, 42 Mich. L. Rev. 425, 440-450 (1943).

[10] Compare G. L. c. 197, § 9, with U.P.C., 8 U.L.A. §§ 3-803 and 3-804 (Master ed. 1983).

period regardless of which method of presentment a creditor employs, whereas the Massachusetts statute retains the nine-month limitation period for the adversary system. While each affords a creditor the opportunity to elect between two methods of presentment, an administrator has only one manner in which to disallow a claim properly filed under the nonadversary system. The administrator may disallow the claim by issuing notice to the claimant. The notice must contain an express warning that the creditor has sixty days in which to commence an action at law or the claim is barred.[11] An administrator is also permitted to change a previously allowed claim to a disallowed claim as long as the notice contains the proper warning of impending bar. An express statutory caveat forbids the changing of a disallowed claim to an allowed claim once the sixty-day period during which a creditor can contest the claim has run.[12] The statute conspicuously omits any limitation period in which an administrator can change an allowance of a claim, whether actual or constructive, to a disallowance.

We turn now to the uncontroverted facts of this case. The administrators' bonds were approved October 8, 1982. The plaintiff properly presented her claim on January 27, 1983. This occurred within the four-month period of nonadversary presentment. Thereafter, the administrators failed to disallow the claim within sixty days following expiration of the four-month period. Accordingly, the claim was constructively allowed. On April 28, 1983, twenty days after the sixty-day period had run, the administrators sent the plaintiff a notice of disallowance that did not warn of the impending bar to com-

---

[11] General Laws c. 197, § 9, first par. (*a*), requires that a notice of disallowance or partial disallowance include a statement "warning the claimant of the impending bar" namely the limitation of commencing an action within sixty days of the disallowance.

[12] General Laws c. 197, § 9, third par., provides: "The executor or administrator may not change a disallowance after the time for the claimant to commence a proceeding on the claim has expired and the claim has been barred." If an administrator had statutory authority to reverse a disallowed claim that would have been barred, it would, in effect, permit him to give away estate assets. 1 R. Wellman, Uniform Probate Code Practice Manual 345 (2d ed. 1977).

mence an action. Thus, the issue before the court is whether
§ 9, third par., grants an administrator unbridled authority to
change a constructively allowed claim to a disallowance. If
so, we must also consider whether the failure to include a
warning of the impending bar renders the disallowance inopera-
tive.

Once a creditor elects to proceed under the nonadversary
method, both the creditor and the administrator must adhere
to the relevant provisions of § 9. Section 9, third par., provides
for changing an allowance to a disallowance without specifying
a time limitation. Thus, an administrator may do so whether
the previous allowance was express or constructive, but the
creditor then must be given sixty days in which to commence
suit. The notice of disallowance, therefore, must expressly
contain a warning of the impending bar or it is inoperative.

We agree with the plaintiff's argument that the dual methods
of presenting claims are separate and distinct. We think that
the two tracks of presentation and their respective time limita-
tions cannot be combined where an administrator changes his
original decision of allowance to a disallowance.[13] In this con-
text, the alternative nine-month statutory limitation for adver-
sary claims provided by § 9, first par. (*b*) become irrelevant.
See *Sprague* v. *O'Connell*, 18 Mass. App. Ct. 230, 235 n.8
(1984).

The administrators correctly assert that under a petition for
payment the Probate Court lacks jurisdiction to determine the
merits of the claim and the amount which is due. G. L. c. 197,
§ 9, sixth par. *Sprague* v. *O'Connell, supra* at 234-235. It is
not the function of the Probate Court on a petition for payment
to determine the amount (*Sprague* v. *O'Connell, supra*) or
method of payment.

The fact that the administrators gave a defective notice of
disallowance does not necessarily lead to the result, as the
plaintiff argues, that her claim is automatically allowed. A

---

[13] The action of an administrator in disallowing a claim starts the running
of the sixty-day period without regard to the nine-month statute of limita-
tions. The sixty-day period following a notice of disallowance permits a
creditor to challenge the disallowance in the appropriate court.

procedural misstep which has caused no prejudice to the plaintiff should not be the basis of automatic allowance of the plaintiff's claim without regard to its merit. See *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 79-80 (1975). See also *Clemons* v. *Director of the Div. of Employment Sec.*, *ante* 174, 176-177 (1985); *Cape Cod Bank & Trust Co.* v. *LeTendre*, 384 Mass. 481, 484-485 (1981). It suffices to put the plaintiff in the same position she would have been in had the administrators given the required notice of an impending bar if suit was not brought within sixty days following the notice of disallowance. We believe that the plaintiff should be given an equal period of sixty days from the entry of rescript in this case to bring suit on her claim in a court of proper jurisdiction, and that the administrators are to be barred from asserting either the nine-month or the sixty-day statute of limitations, provided the plaintiff's action is commenced in accordance with the terms of this opinion. Cf. G. L. c. 197, § 10.

Accordingly, the judgment of dismissal is vacated and a judgment consistent with the terms of this opinion is to be entered.

*So ordered.*