In re Estate of Juana Jimenez, No. 105-3-13 Bncv (Wesley, J., Sept. 10, 2013)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

| SUPERIOR COURT | CIVIL DIVISION |
|---|---|
| Bennington Unit | Docket No. 105-3-13 Bncv |

| In re Estate of Juana Jimenez | |
|---|---|

## Decision on Appeal from Probate Division

The Court considers this appeal from the Probate Division. V.R.C.P. 72(c). Appellant is the Administrator the Estate. Appellees are United Natural Foods, Inc. and Ryder Truck Rentals, Inc., claimants against the Estate. The parties agree the appeal presents a pure legal question as to the interpretation of 14 V.S.A. § 1206, governing disallowance of claims. At a status conference on July 2, 2013, the parties waived oral argument and agreed the Court could decide this issue based on the memoranda of law. On appeal, the parties dispute the consequences of failing to include a warning in a disallowance notice of the impending bar to the claim, which will take effect absent further action within sixty days.

The facts of this case are not disputed. The decedent died in a car accident on June 6, 2010. The Administrator gave publication notice to creditors on March 24, 2011 and March 31, 2011. On March 17, 2011, each claimant filed a claim with the Administrator. The Administrator disallowed each claim on May 2, 2011. The notice of disallowance did not include the warning, specified by 14 V.S.A. § 1206(a), that each claim would be barred unless the claimant took further action to pursue it within sixty days. On June 23, 2011, the claimants requested from the Probate Division additional time to bring claims. The Probate Division did not address this motion until a status conference on April 4, 2012.[1]  By an opinion issued January 30, 2013, without directly addressing the motion to extend the period to bring a proceeding on the claims, the Probate Division determined *sua sponte* that the Administrator's failure to include the warning of impending bar meant the claim was allowed as a matter of law.

Chapter 66 of Title 14 lays out the procedural framework for allowing claims against an estate. Where the Administrator gives publication notice to creditors, creditors have four months to file claims against an estate. 14 V.S.A. § 1203(a)(1). A creditor must then present a claim according to the requirements of 14 V.S.A. § 1204. As to any claim presented, the Administrator has sixty days after the close of the four month period to respond. *See* 14 V.S.A. § 1206(a).

> Every claim which is disallowed in whole or in part by the executor or
> administrator is barred so far as not allowed unless the claimant files a petition for
> allowance in the court or commences a proceeding against the executor or
> administrator not later than 60 days after the mailing of the notice of disallowance
> or partial allowance if the notice warns the claimant of the impending bar. Failure

---

[1] It does not appear that the Estate opposed the Claimants' motion to extend the time for bringing a proceeding on the claim.

of the executor on administrator to mail notice to a claimant of action on his claim for 60 days after the time for original presentation of the claim not otherwise barred has expired shall have the effect of allowance.

*Id.*

Appellees argue that the plain meaning of the statute compelled Probate Division's determination. Appellants disagree, maintaining that the statute only compels automatic allowance of any claim as to which *no* notice of disallowance had been served within the sixty day period after the time for presenting claims under section 1203 has expired. Appellant insists the statute does not squarely address the circumstances presented here; namely, the service of a timely notice of disallowance, albeit one that did not include the warning of the impending statutory bar created by § 1206(a). By the statutory interpretation urged by Appellant, under these circumstances he was deprived of the benefit of the sixty day bar to the disallowed claims, but should not have been exposed to automatic allowance due to the imperfect notice.[2]

Vermont case law on this issue is limited. *Knott v. Pratt* referenced an unpublished entry order affirming the denial of a petition as untimely following disallowance of the claim under 14 V.S.A. § 1206(a); however, the sparse description of the facts does not permit comparison to the circumstances here. *See* 158 Vt. 334, 336 (1992).[3] Nevertheless, 14 V.S.A. § 1206 is part of the Uniform Probate Code and other states have similar statutes to ours. The caselaw of the other jurisdictions that have addressed this issue concludes that failure to include the warning of the impending bar deprives the estate of resort to it when the claimant fails to act within sixty days, but does not result in automatic allowance of the claim.

Under a statute similar to Vermont's, the Supreme Judicial Court of Massachusetts determined failure to include the warning rendered the disallowance ineffective but did not automatically entitle a claimant to have her claim allowed. *See Telesetky v. Wight*, 482 N.E.2d 818, 821 (Mass. 1985). The Massachusetts court found the administrator must include the notice because the Uniform Probate Code was designed "to achieve speedier settlement of estates" in a non-adversarial process. *See id.* at 821. Nevertheless, automatically allowing a claim was not an appropriate remedy. *See id.* at 823. "It suffices to put the plaintiff in the same position she would have been in had the administrator given the required notice of an impending bar if suit was not brought within sixty days following the notice of disallowance." *Id.*

Courts in Kentucky and Minnesota also reached similar conclusions. *See Blackwell v. Blackwell*, 372 S.W.3d 874, 881 (Ky. Ct. App. 2012); *In re Estate of Kotowski*, 704 N.W.2d 522,

---

[2] Because Appellees filed their request in the Probate Division to extend the time for bringing a proceeding on the disallowed claim within sixty days after the Appellant's notice of disallowance, it appears that they had complied with the statute to avoid the statutory bar. However, the Probate Division did not address this issue because it deemed the claim automatically allowed due to the imperfect notice. Thus, the effect of the June 23, 2011 motion remains to be addressed by the Probate Division on remand.

[3] The unpublished entry from 1987 can not be located.

529 (Minn. Ct. App. 2005). Both states have nearly identical statutes to Vermont's statute on the allowance of claims. In *Blackwell*, the trial court had dismissed the claimant's claim as untimely, but the appeals court found failure to include the warning meant the sixty-day rule did not apply. *Id*. at 875, 881. The appeals court found the claimant "is permitted to proceed on the later petition provided it was filed within a reasonable time." *Id.* at 881. The Minnesota Court of Appeals also concluded the proper remedy for a failure to include a warning of the sixty-day period "is to exempt [the claimant] from this time period and to permit [the claimant] to proceed on [a] late petition." *Kotowski*, 704 N.W.2d at 529.[4]

As informed by the statutory interpretations in the cases discussed above, the Court concludes that the Probate Division misread § 1206(a) by automatically allowing the appellees' claims. Although failure to include the warning makes a notice of disallowance imperfect as to the establishment of a bar to further proceedings, the claimant's remedy is not automatic allowance of the claim. Instead, any eventual attempt by the claimant to pursue the claim must be measured against a rule of reasonableness in light of all the circumstances. As noted, efforts in this regard were undertaken by Appellees after the disallowance. On remand, the Probate Division should consider the appellee's claim as framed at the time. The Probate Division may use its discretion to issue orders consistent with this opinion.

## Order

The Probate Division's order is **REVERSED and REMANDED.**

Dated at Bennington, Vermont on September 10, 2013.

_____
John P. Wesley
Superior Court Judge

---

[4] In an explanatory pamphlet, the Vermont Probate Judges Association suggested that failure to include a warning of the impending bar merely allows the claimant additional time. As a warning to administrators, the pamphlet states: "if you do not include this warning, the creditor has additional time to appeal your disallowance." See Vermont Probate Judges' Association, The Vermont Probate Court: Instructions for Settling Estates, 10 (Rev. 2003), ttps://www.vermontjudiciary.org/gtc/Probate/MasterDocumentLibrary/ Instructions%20for%20Settling%20Estates%20Brochure.pdf. Acknowledging, as urged by Appellees, the pamphlet does not have the force of law, it is nonetheless striking that its authors reached the same conclusion as have all the appellate courts that have considered the question in states that have adopted versions of the Uniform Probate Code.