ARTHUR WINN[1] *vs.* ARCHITECTURAL ACCESS BOARD.[2]

No. 86-1037.

Suffolk. October 9, 1987. — November 9, 1987.

Present: ARMSTRONG, DREBEN, & KASS JJ.

*Architectural Access Board. Administrative Law*, Hearing, Adjudicatory proceeding, Agency, Regulations, Decision. *Regulation.*

Although a particular hearing before the Architectural Access Board was not an "adjudicatory proceeding" as defined by G. L. c. 30A, § 1, the board, by adopting certain regulations, bound itself to conduct the hearing pursuant to c. 30A. [42-44]

Upon consideration of a decision of the Architectural Access Board denying a restaurant owner's request for a variance from a certain rule of the board intended to make the restaurant more accessible to physically handicapped persons, this court remanded the case to the board for findings in accordance with G. L. c. 30A, § 11 (8), articulating the board's reasons for its denial of the variance, which should take into account the facts which bear on the concept of "impracticability" of complying with the board's regulations. [44-45]

There was no merit to a restaurant owner's argument that the Architectural Access Board could not apply its regulation mandating that the restaurant be constructed on one level or that ramps be provided so as to provide access to physically handicapped persons merely because another regulation of the board provided for a required number of accessible tables according to a formula. [45-46]

CIVIL ACTION commenced in the Superior Court Department on August 19, 1983.

The case was heard by *Cortland A. Mathers*, J.

*William J. Smith (Ian M. Veitzer* with him) for the plaintiff.

[1] The plaintiff's complaint states that he is the sole general partner of an entity which in turn is the sole general partner of Bostonian Hotel Associates.

[2] When this action was brought the agency was called the Architectural Barriers Board. The name was changed to the Architectural Access Board by St. 1986, c. 642, § 2.

*Charles E. Walker, Jr.*, Assistant Attorney General (*Stanley E. Adelman* with him) for the defendant.

*William Crane, Matthew Engel & Peter Rabinovitz*, for Disability Law Center, Inc., amicus curiae, submitted a brief.

DREBEN, J. In violation of a regulation of the Architectural Access Board (board) which requires that "[e]ach floor [of a restaurant] . . . be of a common level or be connected by ramps,"[3] the Seasons Restaurant of the Bostonian Hotel was constructed so that approximately a third of the patrons dine on a raised platform unconnected by a ramp. After receiving a letter from the board stating that it had received information that the restaurant was in violation of the regulation, the plaintiff sought a variance. When, subsequent to a hearing, the variance was denied, he sought judicial review of the agency action in the Superior Court. A judge of that court affirmed the board's decision.

In his appeal to this court, the plaintiff argues that the board's decision failed to comply with G. L. c. 30A, § 11(8), which requires that every agency decision be accompanied by a statement of reasons, and that the application of the board's regulation to the plaintiff conflicts with another regulation, 521 Code Mass. Regs. § 17.6 (1982), with which he has complied. We agree with the plaintiff that the board's findings are inadequate, and, accordingly, we reverse the judgment and order the case remanded to the board for additional findings and for any revision of its decision that may be appropriate in light of those findings.

1. *Applicability of G. L. c. 30A to the board's proceedings.* Although the parties acted on the assumption that the appeal from the denial of the variance was pursuant to G. L. c. 30A, § 14, that assumption is not obvious. The governing statute was G. L. c. 22, § 13A, as in effect prior to St. 1986, c. 267,

---

[3] The regulation in effect at the time of the hotel's design and construction was numbered § 12.2 (1977). It was subsequently recodified as 521 Code Mass. Regs. § 17.2 (1982). The 1977 regulation was essentially the same as the 1982 regulation quoted in the text. The current (1986) regulation is identical to the 1982 regulation.

& c. 642, § 2.[4] The former § 13A[5] did not provide for a hearing on a petition for a variance from the board's regulations. The only provision allowing a deviation from the regulations was found in the fourth paragraph of former § 13A. That paragraph prohibited construction or alteration prior to receiving board approval of plans showing compliance with the board's regulations. The paragraph also contained the following proviso:

> "[I]f the . . . board determines that compliance with said rules and regulations is impracticable in the particular case, it may provide for modification of, or substitution for, such rule or regulation."

Since the statute which allowed, in certain cases, noncompliance with board regulations did not require that the applicant be given an agency hearing, and since such a hearing does not appear constitutionally required, see *Lotto* v. *Commonwealth*, 369 Mass. 775 (1976); cf. *Allen* v. *Board of Assessors of Granby*, 387 Mass. 117, 121 (1982), the board's hearing and decision was not an "adjudicatory proceeding" as defined by c. 30A, § 1.[6] See *School Comm. of Franklin* v. *Commissioner of Educ.*, 17 Mass. App. Ct. 683, 689 & n.6 (1984), *S.C.*, 395 Mass. 800, 806 & n.5 (1985).

The board, however, by regulation, recognized the advantages of affording the applicant a hearing. See *Yerardi's Moody St. Restaurant & Lounge, Inc.* v. *Selectmen of Randolph*, 19 Mass. App. Ct. 296, 302 (1985). The regulations in effect at the

---

[4] Unless otherwise indicated, the portions of former G. L. c. 22, § 13A, discussed herein are substantially similar to the current version of the statute.

[5] As appearing in St. 1986, c. 642, § 2, § 13A now provides for an opportunity for a hearing prior to a finding of noncompliance and also explicitly provides for judicial review of any board decision under § 13A. We do not consider whether the 1986 amendment requires a hearing on a petition for a variance.

[6] Under c. 30A, § 1(1), inserted by St. 1954, c. 681, § 1, an "'adjudicatory proceeding' means a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing."

time of the hearing, 521 Code Mass. Regs. § 4.1.1.4 and § 4.2 (1982), provided that "the applicant may initiate an adjudicatory proceeding before the Board" and that such a hearing shall be conducted in accordance with c. 30A.[7] Thus the board, by its regulations, bound itself to conduct the hearing pursuant to c. 30A. *Northbridge* v. *Natick*, 394 Mass. 70, 76 (1985) (agency must follow its own regulations).

2. *Inadequacy of findings.* Chapter 22, § 13A, provided that the board shall make rules "designed to make public buildings accessible to, functional for, and safe for use by physically handicapped persons," and, as we have indicated, also allowed for the modification of, or variance from, such rules when application was "impracticable in the particular case." The board by regulation[8] explained the factors it would weigh in determining whether to grant a variance.

The decision of the board, insofar as it gives reasons for denying the variance, is set forth in the margin.[9]

---

[7] These regulations read in full: "4.1.1.4: Upon receipt of a notice of action pursuant to Section 4.1.1.3, the applicant may initiate an adjudicatory proceeding before the Board in accordance with the Provisions of Standard Adjudicatory Rules of Practice and Procedure 801 [Code Mass. Regs.] 1.01 (a) and (b) upon a form provided by the Board for this purpose."

"4.2: Hearings: All adjudicatory hearings shall be conducted in accordance with the provisions of Chapter 30A of the General Laws (Administrative Procedure Act) and the Standard Adjudicatory Rules of Practice and Procedure, 801 [Code Mass. Regs.] 1.01, et. seq."

[8] Title 521 Code Mass. Regs. § 5.11 (1982) read: "Impracticability: a) compliance with the Regulations would be technologically unfeasible, or b) compliance with the Regulations would result in excessive and unreasonable costs without any substantial benefit to physically handicapped persons."

These factors are now set out in the current statute.

[9] "The Board, having considered the evidence, hereby finds and decides as follows:

"On Issue 1, the Board finds: That the building was new construction which would fall under the 1977 Rules and Regulations of this Board. The Board further finds that a letter was issued on May 1, 1980, from this Board, stating that the Board had reviewed the plans and found them to be in compliance with the Regulations. The petitioner relied on that letter and acted under the assumption that the plans that were submitted to this office

The only ground mentioned is the fact that the plans submitted by the plaintiff, on the basis of which a letter of compliance was issued, did not show a change in level in the restaurant. As matter of policy, the board could determine that a hardship created by a failure to submit accurate plans requires more to persuade the board of the need for a variance, cf. *DiGiovanni* v. *Board of Appeals of Rockport*, 19 Mass. App. Ct. 339, 348-349 (1985), than does a request for a deviation preceding construction. Title 521 Code Mass. Regs. § 5.11 (1982), however, see note 8, *supra*, at least in a situation where the violation is due to an honest mistake,[10] indicates that other factors are also to be weighed. Indeed, a review of the transcript, particularly the questions asked by members of the board, reveals that the board considered options other than ramps at the hearing.

By ordering a remand to the board for findings in accordance with c. 30A, § 11(8), we do not imply that the decision must be changed, although the board may, of course, do so or allow the plaintiff to submit a substitute plan to provide more access. What the board is required to do is to articulate its reasons for the denial of the variance. The reasons should include taking into account the facts which bear on the concept of "impracticability" set forth in the board's regulations.

3. *Possible conflict with 521 Code Mass. Regs. § 17.6.* There is no merit to the plaintiff's argument that the board could not apply the regulation mandating that the restaurant be constructed on one level or that ramps be provided because

---

showed a change in level in the Seasons Restaurant. However, after reviewing the plans on file in this office, the Board finds that the plans on which the May 1, 1980 letter was issued, did not show a change in level in the restaurant. Therefore, the restaurant was constructed in violation of Section 12.2 with respect to the change in level in the restaurant.

"The petitioner further stated that the raised level in the restaurant contains 52 seats and the accessible level contains 86 seats."

[10] For purposes of this opinion, we accept the plaintiff's statement, as apparently did the board, that the erroneous submission was due to an honest mistake. If the facts be otherwise, different considerations may be relevant.

another regulation, 521 Code Mass. Regs. § 17.6 (1982),[11] provided for a required number of accessible tables according to a formula. We see no necessary conflict between the two provisions. It does not appear that compliance with the accessibility regulation is intended to be a substitute for compliance with the floor level requirement.

For the reasons stated in part 2 of this opinion, the judgment is reversed and a new judgment is to be entered annulling the decision of the board and remanding the case to the board for further proceedings consistent herewith.

*So ordered.*

---

[11] The regulation provided: "Where seating is fixed, the number of accessible tables shall be computed by the formula contained in Section 23.4 and shall be proportionally distributed."