Dortch, J.
Plaintiff brings this action seeking judicial review of a decision rendered by the Contributory Retirement Appeal Board (“CRAB”) denying her request to redeposit her refunded accumulated deductions and to be reinstated as a member of the Cambridge Retirement System. After a review of the administrative record, the court finds that CRAB’S decision was based upon an erroneous interpretation of the law and was therefore violative of the substantial *249 rights of the petitioner under the considerations enumerated in G.L.c. 30A, §14. For the reasons outlined below, the decision is REVERSED.
BACKGROUND
The undisputed facts[1] are as follows:
The plaintiff, Rosemary Dinatale (“Dinatale”) began working as a part-time traffic supervisor for the City of Cambridge (the “City”) in 1979. On February 1, 1983, while on duty, Dinatale was struck by a motor vehicle and sustained injuries to her back, knees and arms. Dinatale received nine months of worker’s compensation benefits and returned to work in November of 1983. There was, however, no agreement for redeeming the City’s liability with regard to the accident.
In November of 1987, Dinatale requested, and was given, a full-time position as a clerical aide to the police department. Dinatale had requested the new position, which allowed her to work indoors, because the weather bothered her back and arms. In 1988, she requested a reduction in hours both because she was going to be babysitting for a grandchild and because she was experiencing pain in her arm and leg. This request was denied and Dinatale stopped working on November 9, 1988.
On November 10, 1988, Dinatale requested a return of her accumulated total deductions from the Cambridge Retirement Board (the “Board”). At the time she made the request, Dinatale was not receiving worker’s compensation benefits nor had she formally filed a claim for such benefits with the Department of Industrial Accidents (“DIA”). It appears, however, that some time after leaving her job, Dinatale requested such benefits and, on July 25, 1990, the DIA entered into a settlement agreement with Dinatale. The settlement agreement provided, in part, that:
[I]t is intended that the amount of this settlement when reduced to weekly payments under Section 34, will render the employee the amount of additional creditable service necessary to qualify for superannuation retirement and health insurance benefits. Additionally it is agreed that the period of weekly payments represented by this settlement should commence with the date of the employee’s resignation from the ciiy of Cambridge.
Dinatale then sought to pay back the amount of her accumulated deductions in order to apply for superannuation retirement. On March 29, 1990, the Board denied Dinatale’s request. Dinatale appealed this decision and, on November 15, 1991, an administrative magistrate reversed the Board’s decision and ordered that Dinatale be allowed to pay back her accumulated deductions (plus interest) and thereby have all the rights of a member of the retirement system. The Board appealed this decision and, on May 1, 1992, CRAB issued a decision reversing the administrative magistrate’s decision. Dinatale now appeals CRAB’s decision in this action.
DISCUSSION
Pursuant to G.L.c. 30A, §14(7), this court may affirm, remand, set aside or modify the respondent’s decision if it is determined that the rulings, among other things, are unsupported by substantial evidence, based upon an erroneous interpretation of the law, or were arbitrary or capricious. G.L.c. 30A, §14(7); Pyramid Co. of Hadley v. Architectural Access Bd., 403 Mass. 126, 130(1988); Winn Architectural Access Bd., 25 Mass.App.Ct. 41, 42 (1987). “Substantial evidence” is that evidence which a reasonable mind might accept as adequate to support a conclusion. Vaspourakon Ltd. v. Alcoholic Beverage Control Comm’n, 401 Mass. 347, 351 (1987). The court defers to the respondent’s factfinding role and its knowledge and expertise. See School Comm’n of Brookline v. Bureau of Special Education Appeals, 389 Mass. 705, 716 (1983). Accordingly, this court may not make a de novo determination of the facts, make different credibility choices, or draw different inferences from the facts found by the agency. Pyramid, 403 Mass. at 130 (citation omitted).
In the present case, CRAB based its decision on two basic premises:
1. Dinatale was not eligible to reestablish membership in the retirement system pursuant to G.L.c. 32, §3(6) which allows former members of the system who return to employment to repay accumulated deductions and rejoin the system, and,
2. Dinatale was not eligible to retain her membership in the system pursuant to G.L.c. 32, §14(1) which allows a member receiving worker’s compensation benefits to retain his rights as a member of the system.
With respect to CRAB’s first rationale, it is clear that §3(6) is inapplicable to this case as Dinatale never sought to return to employment. Dinatale, however, does not base her appeal on §3(6), but instead argues that she is entitled to retain her membership in the system pursuant to §14(1).[2] In its decision, CRAB reasoned that since Dinatale was neither receiving weekly benefits when she took a return of her accumulated deductions, nor had she filed a claim for such benefits at that time, she ceased to be a member of the system when her accumulated deductions were returned. CRAB further reasoned that the Board could not be bound by Dinatale’s settlement agreement with DIA since it was not a party to that agreement.
CRAB’s legal analysis of §14(1), however, is erroneous. The present case is indistinguishable from Boston Retirement Board v. McCormick, 345 Mass. 692 (1963), where the court allowed a former worker to redeposit her previously refunded accumulated deductions after receiving a lump sum worker’s compensation payment. In McCormick, the appellant was a nurse in the Boston hospital department who, in 1955, received a compensable injury in the course of her employment. Mrs. McCormick had taken a leave of absence for *250 illness and, when she failed to return to work, was terminated. In May of 1958, she requested repayment of her accumulated retirement deductions. She received that payment in May of 1958. Mrs. McCormick subsequently received a lump sum worker’s compensation settlement from the City of Boston for her 1955 injury. The Boston Retirement Board denied her request to repay her deductions and receive retirement benefits.
The McCormick court held that the lump sum settlement retroactively entitled the appellant to continue as a “member in service” for the period of time covered by the lump sum settlement. Id. at 696.
On May 6, 1958, when [the appellant] asked for the return of her accumulated total deductions, she was entitled to work[er]’s compensation payments. The city’s liability for these was redeemed by a lump sum payment in March 1960. The amount of the payment does not appear in the record, but the board, in its brief, assumes . .. that, even as late as July 6, 1961, the period over which the lump sum was to be allocated ... had not expired. During that period, she retained by virtue of §14(l)(a), first paragraph, “all the rights of a member in service” until a retirement allowance should become effective for her.
Id. The court further held that it was an error for the board to have refunded the appellant’s accumulated deductions, but that such error “was excusable error, if, as the record strongly indicates, the board had no cause to know of Mrs. McCormick’s potential claim and reasonably thought it was refunding the accumulated deductions to an employee who was resigning and had no claim to a retirement allowance." Id. at 698. The court continued, stating that it saw “nothing in the statute which prevents a member from receiving those benefits because of an honest error which can readily and fairly be corrected.” Id.
McCormick clearly stands for the proposition that any employee who has — at the time of filing for a refund of accumulated deductions — a valid claim which would entitle her to remain a member in the retirement system should be allowed to repay her refunded deductions and become entitled to all appropriate benefits.[3] Id. at 698-99. It is immaterial whether or not the employee or the Board was aware of the potential claim at the time the refund was requested. In the present case, Dinatale was entitled to worker’s compensation benefits at the time she filed for her refund and was therefore entitled to retain her membership in the system. CRAB’s holding to the contrary is in error.
Finally, CRAB argues that the Board cannot be bound by Dinatale’s settlement with DIA because it was not a party to the settlement. While it may be true that the Board is not bound by the opinion contained in the settlement that Dinatale would be entitled to a superannuation retirement, the Board is certainly bound by the terms of the settlement awarding Dinatale worker’s compensation benefits allocable to a specified period of time. Since these payments legally entitle Dinatale to remain a member in service, CRAB’s decision to the contrary is erroneous.
ORDER
For the reasons stated hereinabove, the decision of the Contributory Retirement Appeals Board is REVERSED. It is hereby ordered that the plaintiff be given the opportunity to pay back the amount of her accumulated deductions plus interest. The plaintiff will thereby have all the rights of a member of the system for the period of time specified in the lump sum agreement.

The facts are derived from the findings of the administrative magistrate who initially heard Dinatale’s appeal. CRAB adopted the magistrate’s findings of fact in its decision.

Section 14(1) provides, in relevant part, that:
(a) Any employee who was a member in service at the time of sustaining an injury ... on account of which he[/she] becomes entitled to payments under the provisions of Chapter one hundred fifty-two shall... during any period determined, as set forth in paragraph (c), represented by the allocation of the amount of any lump sum settlement payable directly to him[/her) under the provisions of section forty-eight of such chapter in lieu of such weekly payments . . . retain all the rights of a member in service while he[/she] is living, unless and until a retirement allowance becomes effective for him[/her]... During such periods, however, no deductions for the annuity savings fund of the system shall be made from payments such members shall receive under the provisions of chapter one hundred and fifty-two, nor shall he[/she) withdraw his total accumulated deductions therefrom.
(c) Whenever such member receives an amount of lump sum settlement payable directly to him[/herj under the provisions of section forty-eight of chapter one hundred fifty-two in lieu of weekly payments, the period represented thereby shall, for purposes of this section, be computed to begin on the date for which he[/she] last received regular compensation prior to such settlement.

 The court is not unmindful of the uncertainty that this decision might introduce into the system of refunds, but such uncertainty was specifically held to be an insufficient grounds to deny the requested relief in State Retirement Board v. Contributory Retirement Appeal Board, 12 Mass.App.Ct. 306, 309 (1981) (“We see the risk of a large number of late claims ... as minimal. To bar otherwise valid claims — including those where the applicant was unaware of the rights available, as is Boston Retirement Bd. v. McCormick, supra, at 695 — on the basis of the plaintiffs fears would violate the beneficial purpose of the retirement system).