Doerfer, J.
Plaintiff Donna Lewis (“Lewis”) brings this action seeking judicial review of a decision rendered by the Department of Public Welfare (the “Department”) denying her and her child Aid to Families with Dependent Children (“AFDC”) benefits retroactive to the date of her application.[1] For the reasons outlined below, the decision of the hearing officer is MODIFIED so as to provide for retroactive benefits.
BACKGROUND
On May 25, 1993, the plaintiff applied for AFDC benefits for her and her child. On the application, the plaintiff identified Enright Marshall as the father of her child. The plaintiff also provided the Department with Mr. Marshall’s social security number, address, phone number, and place of employment. This information is relevant because an AFDC recipient is required, pursuant to 106 Code Mass. Reg. §303.710, to assign his or her right to child support to the Department. Additionally, pursuant to §303.700, an applicant is required to assist the Department in locating the absent parent.
In a prior application for benefits, however, the plaintiff had identified a different man as the father of her child. On June 30, 1993, the Department sent the plaintiff a notice that the department was denying the application for benefits due to “inconsistent-contradictory information.”[2] A department case worker contacted Lewis by phone and told her to come into the office to clear up the inconsistencies. Lewis did not go to the office but instead filed a timely appeal of the denial.
On September 9, 1993, a hearing was held on the denial of benefits. The plaintiff testified at the hearing that the information contained in her current application was correct. On October 12, 1993, the hearing officer issued a decision in which he upheld the Department’s initial denial of benefits but ordered that benefits be provided from the date of the hearing forward. The hearing officer reasoned that the denial was correct because of the inconsistent information provided by the plaintiff, but that the plaintiffs testimony at the hearing cured the inconsistencies. The hearing officer, however, refused to order benefits retroactive to the date of application finding that the plaintiff had, until the hearing date, refused to cooperate with the Department in resolving the inconsistencies.
DISCUSSION
Under G.L.c. 30A, §14(7), this court may affirm, remand, set aside or modify the respondent’s decision if it is determined that the rulings are, inter alia, unsupported by substantial evidence, based upon an erroneous interpretation of law, made upon unlawful procedure, or are arbitrary or capricious. Id.; Pyramid Co. of Hadley v. Architectural Access Bd., 403 Mass. 126, 130 (1988); Winn v. Architectural Access Bd., 25 Mass.App.Ct. 41, 42 (1987). “Substantial evidence” is that evidence which a reasonable mind might accept as adequate to support a conclusion. Vaspourakon Ltd. v. Alcoholic Beverage Control Comm’n, 401 Mass. 347, 351 (1987).
The court, however, defers to the respondent’s fact finding role and its knowledge and expertise. See School Comm’n of Brookline v. Bureau of Special Education Appeals, 389 Mass. 705, 716 (1983). Accordingly, this court does not make a de novo determination of the facts, make different credibility choices, or draw different inferences from those found by the agency. Pyramid, supra, at 130 (citations omitted).
In the present case, the department originally denied the plaintiffs application for benefits citing “inconsistent-contradictoiy information.”[3] On appeal, the fair hearing officer held that the original denial had been proper but that the plaintiff had — at the hearing — removed the impediment to receiving benefits by virtue of her testimony. Accordingly, the hearing officer ordered that the plaintiff be awarded benefits from the hearing date forward. The plaintiff now argues that the hearing officer’s decision not to award the plaintiff benefits retroactive to her date of application was arbitrary and capricious, based on insubstantial evidence and based on an erroneous interpretation of law.
A review of the transcript of the hearing shows that the plaintiff provided no information at her hearing that was not supplied on her May 18, 1993 application. At the hearing, the plaintiff did little more than testify that she had told the truth on her application. The hearing officer seems to reason in his decision that the plaintiffs very appearance (at the hearing) and reaffirmation of the information provided in her application cleared up whatever verification problems existed prior to the hearing. Given that the testimony offered by the plaintiff contained no information which was not already contained in the plaintiffs applica *578 tion, the court does find the hearing officer’s distinction between cooperation and a failure to cooperate to be somewhat arbitrary and capricious.[4]
There is, however, an even more compelling reason for the court to order a modification of the hearing officer’s decision; when the department first decided to deny the plaintiff AFDC benefits, based on the plaintiffs alleged failure to cooperate, it failed to follow its own procedures for such a denial. According to 106 Code Mass. Reg. 303.720(c)(2):
[w]hen an applicant... is denied ... for failure to cooperate in obtaining support . . . the applicant shall receive a notice informing him or her of the dollar amount the assistance unit would have received if he or she had cooperated ... The applicant . . . shall also be provided with the reason for the decision, the continuing right to cooperate (which shall result in either a retroactive or prospective effective date for reinstating benefits, dependent on both the date of the applicant’s . . . written notice that he or she shall cooperate and the date of cooperation), and the right to appeal the denial or termination . . .
Additionally; 106 Code Mass. Reg. 303.720(c)(3) provides that:
[p]rior to sending a denial notice to the applicant . . . alleging failure to cooperate in obtaining support, the AFDC worker shall send a warning notice that specifically sets forth the way(s) in which the applicant . . . has failed to cooperate and the fact that he or she has 15 days from the date of the notice to cooperate or demonstrate to the AFDC worker why he or she is unable to cooperate in the way(s) requested.[5]
In the present case, aside from the notice of denial, the plaintiff was provided with no written notice which would satisfy the requirements of §303.720(c)(2). Nor was the plaintiff provided with a warning notice as required by §303.720(c)(3).[6] These procedures are clearly designed to alert an applicant to the reasons for the denial and to give the applicant every opportunity to correct whatever deficiencies exist in her application. Indeed, 106 Code Mass. Reg. 303.700 specifically provides that “(e]ach applicant for and recipient of AFDC will be given every opportunity, at any time, to cooperate in obtaining child and spousal support of child support.” Regardless of which section the Department based its denial, it was required to provide the plaintiff with written notice which would have allowed her to correct the alleged deficiencies in her application. The written notice which was provided gave no indication to the plaintiff how she should go about remedying the problem. The oral notice which the department claims to have provided is simply insufficient under the regulations. Accordingly, the hearing officer’s decision to deny retroactive benefits was based on an erroneous interpretation of the law. Additionally, to the extent that the hearing officer found that the plaintiff failed to comply with department regulations concerning cooperation (or verification), there was insufficient evidence to indicate that the department had followed the procedures which would have triggered the plaintiffs obligation to provide such information.[7]
In short, the substance of the department’s argument has always been that the plaintiff was not entitled to retroactive benefits because, by failing to cooperate and clear up the conflicting information, the plaintiff was not playing by the rules. The department is, of course, correct in stating that applicants for AFDC should be expected to play by the rules, but, by the same token, the department should be expected to do no less.
ORDER
For the reasons outlined above, the hearing officer’s decision is MODIFIED to provide the plaintiff (and her child) AFDC benefits retroactive to the date of her application. The department is ORDERED to provide benefits in accordance with this decision.

 The parties have both moved for “summary judgment” or “judgment on the pleadings.” In accordance with G.L.c. 30A, having reviewed the record, the court may simply issue a decision on the plaintiffs appeal.

 A more detailed description of the denial notice is provided, infra.

 There is a certain amount of confusion concerning the specific section(s) under which the plaintiff was initially denied benefits. The denial letter states that the denial of benefits was based on inconsistent-contradictory information concerning the paternity of her child. Additionally, the parties seem to focus their arguments both here and before the hearing officer on the plaintiffs alleged “failure to cooperate” (governed by 106 Code Mass. Reg. 303.720).
However, the denial letter also referenced 106 Code Mass. Reg. 302.300 which deeds with the verification of requested information. Moreover, the hearing officer’s ultimate decision concludes that the denial was justified in accordance with 106 Code Mass. Reg. 301.410 which also addresses issues of verification. As the relevant portions of the verification and cooperation sections are substantially similar, the plaintiff has suffered no prejudice as a result of this confusion and the court need not address whether the confusion rose to the level of “unlawful process.” Lack of prejudice to the plaintiff is fatal to a 30A motion based on unlawful process. See, O’Brien v. Director Division of Employment Security, 393 Mass. 482 (1984); Amherst-Pelham Regional School Committee v. Department of Education, 376 Mass. 480, 497 (1978) (and cases cited therein). The court will, where appropriate, note how its decision would be identical regardless of which of the two sections the plaintiff was denied under.

 The court notes that even if the decision was based on a failure to provide adequate verification, the result would be the same. The plaintiff provided no additional paperwork at the hearing to verify the information contained in her application.

 Similar provisions exist in the sections dealing with verification. For example, section 301.410 provides:
The applicant/recipient has the primary responsibility for providing the verifications required to establish eligibility for AFDC. The worker is responsible for explaining the verification process to the applicant/recipient, identifying the specific verifications which establish the eligibility *579 factor, and assisting in obtaining the required verification(s) when the worker is aware that the applicant/recipient is unable to obtain the verification. (See Section 302.310: Responsibility for Verification.)
Section 302.310(B) provides that:
The worker is responsible for the following: identifying the eligibility factors that must be verified; identifying and providing written notice of the specific documents and the alternative documents, if applicable, that must be submitted to verify the eligibility factors . . .
(Emphasis added.)

 Likewise, if the hearing officer’s decision was based upon a failure to provide verification, the plaintiff was never provided with written notice of the specific documents which would have satisfied the verification requirement.

 The plaintiff additionally argues that, even if the denial of retroactive benefits to the plaintiff was permissible, the denial of benefits for the plaintiffs child was not. As the court has found that the denial of retroactive benefits was improper with respect to either recipient, it need not address this issue.